Wm. H. Archer *et al. v.* A. M. Sinclair *et al.*

1. Instructions.—Rule in Regard to Granting.—The rule which has been sanctioned in this court is, that in order that the circuit court may fairly and clearly present the law arising upon the evidence, it may decline to give the charges propounded by the parties, but may modify them or may reduce to writing its own conception of the law, upon the points embraced in the charges asked and which are pertinent to the case.

2. Same—Duty of the Court.—Under our system, the court cannot instruct *sua sponte.* If the charges as asked, are correct and pertinent, the safe practice would be to give them as propounded. Upon the judge rests the responsibility of a correct statement of the law. He should not permit the jury to be confounded, or misled by the language in which instructions are couched. Evans case, 44 Miss. R., 774.

3. Same—Erroneous.—The instruction given by the court in lieu of the instructions asked by plaintiff was erroneous, because it is vague and indefinite in defining the measure of care and prudence to be exercised, and the degree of negligence that is culpable.

4. Bailees—Rule as to Liabilities of Wharfingers.—The rule upon this subject is, that this sort of bailee must employ that diligence and care, which persons of ordinary care and prudence bestow upon their own like business, Cowles & McSwayne v. Pointer, 26 Miss. Rep., 256. If negligence or misconduct can be imputed to an agent, as a shipper of goods, for a commission, he is responsible for the loss consequent upon his misconduct. Thompson v. Given, 46 Miss. Rep., 524. Such persons are not held to that high degree of responsibility, which makes them insurers against loss or damage.

Error to the circuit court of Washington county. Hon. C. C. Shackleford, Judge,

The opinion of the court contains a sufficient statement of the case.

*Percy & Yerger and S. W. Ferguson,* for plaintiffs in error:

Contended that the plaintiffs in error were mere wharfingers, receiving and shipping goods for hire, and they were responsible only for ordinary diligence. Story on Bailments, 451, *et seq.;* Cowles *et al.* v. Painter, 26 Miss., 256; Thompson & Chew v. Gwin & Wallis, 46 Miss., 522.

*F. & L. B. Valliant,* for defendants in error:

A new trial will not be granted on account of the admission of illegal evidence when it appears that there is no

probability of a different result in another trial; and it also appears that justice has been done. McMullen v. May, 8 S. & M., 298; Routh v. Agricultural Bank, 12 ib., 161; Barrin-ger v. Nesbitt, 1 ib., 22; Magee v. Harrington, 13 ib., 403; Bohr v. Steamer Baton Rouge, 7 ib., 715; 36 Miss., 178; Leflore v. Justice, 1 S. & M., 381; Taylor v. Sorsby, Walk., 97; 6 How., 91; 4 ib., 396.

A new trial will not be granted because the court refused to give a correct instruction, if the verdict be clearly right according to the evidence. Pritchard v. Myers, 11 S. & M., 169; Wiggins v. McGimpsey, 13 ib., 532; Holloway v. Arm-strong, 30 Miss., 504. And the giving of a bad instruction is no ground for setting aside the verdict where it is clearly right on the evidence and the law. 13 S. & M., 532; Head v. State, 44 Miss., 731; Evans v. The State, ib., 762; Hanks v. Neal, ib., 212; M. & C. R. R. v. Whitfield, ib., 466.

Simrall, J., delivered the opinion of the court:

The court, *sua sponte*, gave to the jury the following in-struction in place of those respectively asked by the plaintiffs and defendants, viz:

"If the jury believe from the evidence that the cotton mentioned in the declaration was delivered to the defendants by the plaintiffs, in good order, and that the same was dam-aged while in the defendants' possession, and such damage was the result of neglect or negligence, or for the want of reasonable and proper care, in protecting said cotton, the defendants are liable, and the jury will so find."

The rule which has been sanctioned in this court is, that in order that the circuit court may fairly and clearly present the law arising upon the evidence, it may decline to give the charges propounded by the parties, but may modify them, or may reduce to writing its own conception of the law, upon the points embraced in the charges asked, and which are pertinent to the case.

It is not error, but the duty of the circuit judge not to

embarrass the jury with instructions, which are purely abstract, and may tend to confuse.

The court should withhold instructions which are impertinent, and which do not tend to elucidate the law of the case. Such charges direct the attention of the jury to matters not necessary to be considered by them; and may confuse and perhaps mislead. If such may have been the effect, and the jury were not fully instructed on the points embraced in the issue before them, it may be error, or not, as the verdict may be right or wrong in view of all the circumstances of the case. Holden v. Bloxum, 35 Miss., 381.

The parties have the right to indicate, by written requests, the points upon which they respectively desire the jury to be informed as to the law. Under our system it would not be proper for the court to instruct *sua sponte.* If the charges as asked are correct, and pertinent, the safer practice would be to give them as propounded.

It may sometimes happen that the same principle of law, with slight variation of language, is embraced in several charges, or that the court is asked to give a charge, which is but a repetition of one already given, or the language employed by counsel is vague and obscure. The court may well decline to encumber the record with the repetition of instructions already granted, and ought to correct whatever of obscurity there may be, so as plainly to lay before the jury, the rules of law invoked.

To the correct performance of that duty, the judge may change the language used by counsel, so as to make the instruction conform to his conception of the law; or may substitute others, embracing the same points, if that shall, in his estimation, better and more clearly communicate the law to the jury. In Evans' case, 44 Miss. Rep., 774, this court said: "Upon the judge rests the responsibility of a correct statement of the law. He should not permit the jury to be confounded or confused by the language in which instructions are couched. But as presented, if they do not, on all the points embraced, fairly and concisely state the law, he

should so modify them as to communicate to the jury, his conceptions of it."

In this case the court substituted a single instruction, for all that had been requested by the parties; manifestly as each party had a right to offer written requests, on all questions, that were pertinent to the issue; it was the duty of the judge, to direct the jury on all the points.

The defendants were wharfingers, to receive and ship cotton, and other goods, at the town of Greenville. For that purpose they controlled the entire river front of the town. Through them, or with their consent, all shipments were made. Cotton delivered to them to be forwarded on steamboats, was stored in a cotton yard, a few paces from the bank of the river. The gravamen of the plaintiff's suit is, that they delivered sundry cotton bales, to be shipped by the next trip of the steamer Katie, to their factors in New Orleans, that these bales when received by the defandants in their cotton yard, were in good order, but were so negligently cared for, that they absorbed water, and were covered with mud, damaging them to that degree, that when they arrived at New Orleans, the consignees, factors of the plaintiffs, were obliged to send them to a pickery, to be put in merchantable order, causing expense, and loss of quantity.

The question of fact submitted to the jury, was, whether the defendants were so negligent, as to make them liable for the loss. Conflicting testimony was before the jury, as to the condition of the cotton yard, and as to the efficiency of the means used by the wharfingers in preserving the cotton from mud and water. Both parties propounded written instructions, as to the degree of care and attention, incumbent on the defendants in the circumstances disclosed in the testimony. The rule upon this subject being, that this sort of bailee must employ that diligence and care, which ordinary men, or persons of ordinary care and prudence bestow upon their own like business. In Cowles & McSwayne v. Pointer, 26 Miss., 256, it is said that a warehouseman must use reason-

able and ordinary diligence in the keeping and preservation of property. There, an extraordinary flood in the river caused the cotton in the warehouse to be partially submerged. This was not such negligence, as rendered the bailee liable for the injury. If negligence or misconduct can be imputed to an agent, as a shipper of goods, for commission, he is responsible for the loss consequent upon his misconduct. Thompson v. Gwin, 46 Miss., 524. Such persons are not held to that high degree of responsibility which makes them insurers against loss or damage. They must, however, bestow that ordinary care and prudence, upon the business, which mankind ordinarily bestow on their own affairs, in similar circumstances.

The first and third requests of the defendants stated the principle of law correctly, as to the measure of care and prudence resting upon them.

The second, fifth and sixth charges have reference to facts and circumstances in evidence, and lay down correct rules of law, to guide the jury, as they may find the truth to be. By comparing the instruction given by the court, with the second, fifth and sixth charges asked by the defendant, it will be observed that the former does not cover all the ground, and explain all the points included in the latter.

The charge as given, declares, that if the damage (to the cotton) was the result of neglect or negligence, or for the want of reasonable and proper care in protecting the cotton, the defendants are liable. The charge may be obnoxious to the criticism that it is vague, and indefinite in defining the measure of care and prudence to be exercised, and the degree of negilgence that is culpable. The rule or standard presented, was vague and uncertain, by which the jury could determine what was the degree of negligence, for which defendants would be liable.

If all the charges of the defendant, except the fourth, had been given, the jury would have been correctly directed as to the law, arising upon the circumstances in evidence.

The testimony is conflicting; the jury may have been misled as to the law. The defendants in such circumstances may justly complain of the refusal to give the charges herein indicated, since the instruction granted by the court, does not cover all the points propounded by the defendants.

Reversed and remanded.