221 So.2d 722 (1969)
Margaret CRAPPS
v.
STATE of Mississippi.
No. 45165.
Supreme Court of Mississippi.
April 21, 1969.
Stanfield & Wallace, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellant was indicted, tried and convicted of forgery in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and was sentenced to serve a term of nine years in the Mississippi State Penitentiary. She has appealed to this Court and contends that she did not obtain a fair trial in the Circuit Court, because a State witness was removed from the witness chair after he testified for the State without giving the defendant an opportunity to cross-examine the witness.
*723 The pertinent facts are as follows: A check in the sum of forty-three dollars was drawn upon the joint account of Mr. and Mrs. Jeff Hames on the First National Bank of Jackson. The check was written on one of the private check blanks of Mr. and Mrs. Hames. Their names were printed on the check and under their printed names was a place to be signed by the maker of the instrument. Their private bank account number was printed on the check, and the check was signed "Mrs. Jeanette Hames." It was made payable to Friendly Liquor Store. Mrs. Hames testified that she did not sign the check, and that her cousin, Margaret Crapps, told her that she signed the check.
The State introduced Mr. Tingle, one of the owners of the Friendly Liquor Store as a witness. He testified that he knew Margaret Crapps and that she cashed the check. He was asked what happened to the check, and he said, "It was returned." He was then asked if he got credit for it, and he said, "She came back and paid it off." He said, "We got paid for it." Mr. Tingle was apparently confused about some other check he had in mind, but the court permitted the prosecuting attorney to cross-examine the witness in the absence of the jury. The district attorney then stated to the court that the witness' testimony was entirely different from the testimony given in the first trial. The Court then placed the witness under a $500 bond and stated that the witness should step down, and the Judge said, "Well, I'm going to let him go under his recognizance, but I want him bound over to the Grand Jury * * *." The State offered a bank official who testified that the check was paid by the bank and turned over to the police. When the State rested, the defendant offered her mother, who testified that Mrs. Hames was "taking care of the payments on the car." This testimony is not connected, and there is no explanation as to why it was pertinent on the trial of this case.
The appellant made a motion for a new trial in which she alleged that she was not able to cross-examine the State witness, Mr. Tingle. The appellant argues that she had a constitutional right to cross-examine the witness offered by the State. She cites section 26, Mississippi Constitution, and other cases from this and other jurisdictions. There can be no successful contradiction of this thesis. The Sixth Amendment to the United States Constitution established the right of a citizen to be confronted by the witness against him in the federal courts. Odom v. State, 205 Miss. 572, 37 So.2d 300 (1948); Caldwell v. State, 176 Miss. 80, 167 So. 779 (1936). Most of the states have added the "Confrontation Right" to their constitutions. The right to be confronted by one's accuser has now been made applicable to the states under the interpretation of the Fourteenth Amendment by the Supreme Court of the United States. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968).
This rule is so thoroughly established in this state that there is little use of pursuing the rule of confrontation of the "faceless informers" outside the authorities of our own jurisdiction. Scaggs v. State, 16 Miss. (8 S. & M.) 722 (1847); Price v. State, 36 Miss. 531 (1858); Thomas v. State, 117 Miss. 532, 78 So. 147 (1918); Watkins v. State, 110 Miss. 438, 70 So. 457 (1916). (See many cases cited under section 26, Mississippi Constitution.)
The issue before this Court is not that the appellant had the right to be confronted by witnesses against her, but whether or not the court denied her that right. It is contended that since Mr. Tingle was introduced as a witness against the appellant and was told to step down from the witness chair by the Court, that the appellant had no opportunity to cross-examine the witness and was therefore denied her constitutional right.
*724 The general rule on this subject is that where one is deprived of an opportunity to cross-examine a witness without fault on his part, as in the case of illness (Wray v. State, 154 Ala. 36, 45 So. 697, 15 L.R.A.,N.S., 493 (1908)) or death (State v. Bigham, 133 S.C. 491, 131 S.E. 603 (1926)) of a witness, after direct examination, he may have such testimony previously given on direct examination excluded from the consideration of the jury. 58 Am.Jur. Witnesses § 611 (1948).
The right of cross-examination of a witness is, however, a personal privilege of which the defendant may avail himself or not, as he wishes. "The waiver may be by express consent, by failure to assert it in time, or by conduct inconsistent with a purpose to insist on it." 14 Am. Jur. Criminal Law § 188 (1938); 98 C.J.S. Witnesses § 368 c (1957).
In the instant case the witness Tingle was the only witness who knew that the defendant, Margaret Crapps, cashed the check here exhibited. His testimony was very important. Mrs. Hames testified that Mr. Tingle told her that Margaret Crapps cashed the check, and no objection was made to this hearsay testimony; nevertheless, the act of the trial judge in dismissing the State witness after he had given the evidence identifying the defendant as the person who had cashed the check was prejudicial error. Moreover, the witness had indicated that she had cashed other checks which had been returned and not paid by the bank. We are of the opinion that the court committed reversible error in removing the witness Tingle from the witness stand without giving the defendant an opportunity to cross-examine the witness under the facts in this case. This case must, therefore, be reversed so that the defendant may be given an opportunity to cross-examine the witness Tingle.
There is another point which has given this Court considerable concern. The defendant was sentenced to serve a term of nine years in the State Penitentiary on testimony which is weak at best. The sentence was obviously excessive. This Court has, however, held that when a sentence is authorized by the statute its imposition is within the sound discretion of the trial court and is not reversible unless it is shown that the statute under which the sentence is imposed is itself unconstitutional. Harris v. State, 142 Miss. 342, 107 So. 372 (1926). Whether or not a trial court may abuse its discretion by an unreasonable sentence will be reserved for further study at another time.
In the case of Lester v. State, 209 Miss. 171, 46 So.2d 109 (1950), this Court said:
"It is not necessary for us to decide whether in some extreme case, in prosecutions under the two mentioned Code Sections, we have the power and right to set aside a sentence if it appears cruel and unusual. [Citing cases] If we have such power, we are not convinced this is a case demanding its exercise."
We do not reverse this particular case because of the excessive sentence, but taking the entire case into consideration, we are not satisfied that the defendant has been given that fair trial required by due process of law.
The judgment of the trial court is hereby reversed, and the case is remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C.J., and BRADY, PATTERSON and SMITH, JJ., concur.