296 So.2d 695 (1974)
Marvin MYERS, Jr.
v.
STATE of Mississippi.
No. 47913.
Supreme Court of Mississippi.
May 27, 1974.
Rehearing Denied July 15, 1974.
*696 Robert J. Kelly, Oxford, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
This is an appeal from a conviction of murder and a sentence to life in the penitentiary from the Circuit Court of Panola County. We reverse and remand for a new trial.
The appellant, Marvin Myers, Jr., and five others were indicted for the murder of Larry Cox, a deputy sheriff, during the November 1970 Term of the DeSoto County Circuit Court. A trial was held and the appellant was found guilty of murder and sentenced to death. On appeal of that first conviction, this Court, with two justices dissenting, reversed the judgment of the trial court and remanded the case for a new trial.
Pursuant to the remand, the appellant was tried in November of 1972, at a special term of the Panola County Circuit Court to which county the cause had been transferred upon motion for a change of venue by appellant, and the jury found the defendant guilty as charged and fixed his punishment at life imprisonment in the state penitentiary.
From that judgment, the appellant has again appealed to this Court and assigns inter alia as grounds therefor the following as error:
(1) The trial court's disqualification of John B. Farese who was Marvin Myers' counsel of choice.
(2) The trial court's refusal to strike the testimony of Sidney Jeffers, a co-indictee, or to instruct the jury to disregard Jeffers' testimony after he had testified for the state and then refused to respond upon cross-examination.
(3) The trial court erred in refusing to admit a record of a sale of ammunition into evidence.
A detailed summary of the evidence surrounding the slaying of the officer is not necessary nor is it desirable since this case *697 must be retried. Therefore, only such facts as are necessary for a determination of the questions presented will be discussed.

I.
The appellant's first assignment of error is that the trial court's disqualification of John B. Farese as counsel of choice of Marvin Myers, Jr. deprived Myers of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process of law.
The record in this regard reveals that prior to the appellant's first trial, and due to his status of indigency, the court appointed two members of the local bar to represent him. A trial was held which resulted in appellant's conviction and sentence to death. Thereafter, a group of persons acting for and on behalf of the appellant and with his consent retained the law firm of Farese, Farese, Jones & Farese of Ashland, Benton County, Mississippi, to represent the appellant on appeal of that first conviction. An order was duly entered in the Circuit Court of DeSoto County relieving the court-appointed attorneys of further duties with respect to the case due to appellant's having new counsel of his choice. As pointed out above, the Farese firm with John B. Farese as leading counsel was successful in obtaining a reversal of the appellant's first conviction and this Court in an opinion dated November 29, 1971, remanded the case to the Circuit Court of DeSoto County for a new trial. See Myers v. State, 254 So.2d 891 (Miss. 1971). Thereafter, the following sequence of events took place.
(1) On February 14, 1972, the district attorney and county attorney of DeSoto County filed a motion "To Disqualify Counsel for the Defense." That motion reads in part as follows:
[R]espectfully moves this honorable court to excuse and remove counsel for the Defense in the above styled and numbered cause, namely the Farese Firm, for reasons that John Booth Farese [the son of John B. Farese] is presently the elected County Attorney of Benton County, Mississippi and therefor under Section 3917 of the Mississippi Code Annotated, 1942 (Recomp.) the County Prosecuting Attorney is ineligable [sic] by statute to represent or defend any person in any criminal prosecution in the name of the State, County, or municipality of the County, nor shall he give any advice against the State, his County or in a criminal case against a municipality of his County, and shall not represent any person in any case against the State, his County or in a criminal case arising in a municipal Court of his County.
The District Attorney and County Attorney so respectfully move this Honorable Court to discharge and remove Counsel for Defense and render them ineligible to defend the accused Marvin Myers, Jr. in DeSoto County for the above stated reasons and for other reasons as may be stated on hearing. (Emphasis added.)
John B. Farese, the elder Farese and father of John Booth Farese, promptly filed a written answer to the state's motion denying that because John Booth Farese had been elected county prosecuting attorney of Benton County, Mississippi, and was a member of the law firm of Farese, Farese, Jones & Farese that the firm was "ineligible" to represent or defend Marvin Myers, Jr. That answer reads as follows:
Respondent further denies that a County Attorney is precluded from defending in a criminal case outside of his county.
Further answering respondent would show that the firm of Farese, Farese, Jones and Farese was employed in this case on or about January, 1971, prior to the time that John Booth Farese entered into and in fact prior to the time he was even elected County Prosecuting Attorney of Benton County, Mississippi. That under his duties and obligations as an Attorney, he was legally, morally and *698 ethically bound to fulfill his commitments entered into prior to the time he offered for office and certainly prior to the time he assumed office. That there is no law to prevent his fulfilling such obligations. That a sustaining of the motion to disqualify counsel for defense would be tantamount to denying the defendant his constitutional rights to a counsel of his own choice and would further deny his constitutional right to a fair, impartial and speedy trial.

That Section 3917 of the Mississippi Code of 1942, Recompiled does not intend to deny County Attorneys from defending in counties outside of their Judicial Districts. (Emphasis added.)
(2) On February 15, 1972, a hearing was held on the motion to disqualify counsel, and after oral argument, the trial court sustained the motion ruling that the Farese firm could no longer represent the appellant. On the same date, the court appointed the Honorable Robert J. Kelly from Oxford, Mississippi, to represent appellant.
(3) On October 10, 1972, appellant's new court-appointed attorney filed a motion for a change of venue and for a speedy trial. On October 13, 1972, both motions were sustained and trial was set for November 6, 1972, at a special term of court in the Second Judicial District of Panola County.
(4) On November 6, 1972, the date the trial began, the court-appointed attorney filed a motion to "Reinstate Counsel" urging that John B. Farese (the senior Farese) was still defendant's choice of counsel. After sustaining that motion, the trial judge then called the senior Farese at his law office in Ashland and informed him of the court's decision to allow him to be reinstated in the case. Farese then dictated a statement over the telephone to the court reporter in which he expressed the view that since the trial was set for that day and that a jury had been summoned, that he could not conscientiously attempt to defend appellant without having made proper preparation for the trial. He further stated that he would not have consented to a change of venue from DeSoto County to Panola County since it is in the same judicial district of the original prosecuting attorney who is widely known in Panola County and who had allegedly made known his belief that the appellant was guilty.
The case then proceeded to trial without the senior Farese or a member of his firm participating and resulted in a jury verdict of guilty and a sentence of life imprisonment in the state penitentiary.
The appellant contends that even if the younger Farese was disqualified from representing the defendant due to his position as county prosecuting attorney of Benton County, that such was not sufficient grounds on which the entire Farese firm could be disqualified and that the ruling violated appellant's Sixth Amendment right to counsel of his choice. This presents a question of first impression in this Court and involves the interpretation of the following statutes. Mississippi Code Annotated section 19-23-13 (1972) reads as follows:
The county prosecuting attorney shall not represent or defend any person in any criminal prosecution in the name of the state, county or municipality of the county, nor shall he give any advice against the state, his county or in a criminal case against a municipality of his county, and shall not represent any person in any case against the state, his county, or in a criminal case arising in a municipal court of his county.
After having carefully considered section 19-23-13, we are of the opinion that although it is poorly worded, it is not ambiguous and that the portion which reads, "... nor shall he give any advice against the state, ... and shall not represent any person in any case against the state ..." effectively disqualifies a county attorney from representing a defendant in a criminal case in any county of this State. The statute, in our *699 opinion, is based upon sound public policy which aids in preserving respect for the judicial process in the minds and eyes of the public. To permit a prosecuting attorney to be a prosecutor one day in a criminal case in his home county and the next day to represent a criminal defendant in another county, may justifiably raise serious doubts as to the propriety of such action by the public.
However, there is nothing in the law of this State which prohibits the partner of a county attorney from representing a defendant in a criminal proceeding outside the county where the county attorney serves. Mississippi Code Annotated section 73-3-49 is clear and unambiguous on this point and states in part that:
Where two or more attorneys at law of this state are associated together in pracice as attorneys or counselors at law, and one of such attorneys shall be district attorney of his district or the county attorney of his county, it shall be unlawful for such other attorney, or partner, to appear and defend in any of the courts of that county any person charged with a misdemeanor or felony, and this section shall apply, even though such association may exist only for the transaction of civil business in a particular court. (Emphasis added.)
The above code section only prohibits the partner of a county attorney from representing a criminal defendant in the county where the county attorney serves.
Having reached the conclusion that there was no prohibition against the senior Farese from representing the appellant at the trial of his case, we are led to the inescapable conclusion that the appellant was effectively denied the right to counsel of his choice.
The fact that the court order denying Mr. Farese the right to represent appellant was withdrawn on the day of the trial, at a time when Mr. Farese had not been given an opportunity to prepare for trial, did not cure the fatal error. In Watson v. State, 196 So.2d 893 (Miss. 1967) this Court noted that:
The Supreme Court of the United States has held that the fourteenth amendment to the federal constitution secures the right in state prosecutions to a fair opportunity to arrange for counsel of the accused's own choice. Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958). The right of counsel also extends to the preparation for trial as well as the trial itself. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). (196 So.2d at 895).
A necessary corollary to the Sixth Amendment right to counsel is that a defendant must be given a reasonable opportunity to employ and consult with counsel, otherwise the right to be heard by counsel would be of little worth. Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954).
In Reickauer v. Cunningham, 299 F.2d 170 (4th Cir.1962) the petitioner, in a habeas corpus proceeding alleged that while incarcerated, he had requested that officials allow him to contact his attorney, but that such request was denied and instead he was compelled to accept the services of an attorney brought to him by the sheriff. The court held that denial of counsel of choice violated the due process clause of the Fourteenth Amendment and rendered his conviction and sentence void.
Therefore, we are of the opinion and so hold that the denial to appellant of the services of the senior Farese, who was to be paid his fee by third persons and not at the expense of the state, violated the appellant's constitutional right to counsel of his choice and was reversible error.

II.
The appellant's next assignment of error is that the trial court erred in refusing to strike the testimony of Sidney Jeffers, who was also under indictment for the murder of Cox, and to instruct the jury to disregard Jeffers' testimony after the witness had testified for the state and then refused *700 to answer questions upon cross-examination. Appellant asserts that this error resulted in a denial of his right of confrontation which is guaranteed under the Sixth Amendment, the due process clause of the Fifth and Fourteenth Amendments, and the equal protection clause of the Fourteenth Amendment.
The record reveals that the witness, Sidney Jeffers, testified on behalf of the state and gave a detailed account of what transpired on the day of the slaying and stated that appellant shot the officer, Larry Cox. While implicating the appellant, the witness attempted to exonerate himself from any participation in the officer's death. However, when he was being cross-examined by defense counsel, certain discrepancies appeared in his testimony, and upon being pressed for answers, the witness' attorney, who was sitting in the courtroom advised the witness of his rights under the Fifth Amendment to the Uunited States Constitution. As a result, the witness refused to testify further on the grounds that it might incriminate him.
The appellant then made a motion that the jury be instructed to disregard in its entirety Jeffers' testimony; however, the motion was overruled. One of the questions which Jeffers refused to answer was whether or not he had in fact shot the deceased.
The question presented by these facts is whether or not the appellant's Sixth Amendment right to confrontation, which includes the right to cross-examination of witnesses, was denied him. As to the right of cross-examination, this Court said in Crapps v. State, 221 So.2d 722 (Miss. 1969):
This rule is so thoroughly established in this state that there is little use of pursuing the rule of confrontation of the "faceless informers" outside the authorities of our own jurisdiction. (221 So.2d at 723).
In Crapps, the issue was whether the trial court denied the defendant the right of confrontation where a witness for the state was asked by the trial court to step down before being cross-examined by the defense because of statements made that conflicted with testimony in a previous trial. In reversing the case on the grounds the defendant must be given an opportunity to cross-examine a witness, the Court noted that:
The general rule on this subject is that where one is deprived of an opportunity to cross-examine a witness without fault on his part, ... he may have such testimony previously given on direct examination excluded from the consideration of the jury. (Id. at 724.)
The right of confrontation and cross examination is not satisfied by a witness submitting himself to token interrogation but extends to and includes the right to fully cross-examine the witness on every material point relating to the issue to be determined that would have a bearing on the credibility of the witness and the weight and worth of his testimony.
In the case sub judice, the appellant was denied the right to a full and complete cross-examination of Jeffers when the witness, whether rightfully or not, successfully invoked the privilege against self-incrimination. Therefore, appellant's motion for the court to instruct the jury to disregard Jeffers' testimony should have been sustained and failure of the court to do so was error.

III.
The appellant also complains that the lower court erred in refusing to allow into evidence the record of the purchase of a box of .22 cartridges from a Dixie Mart convenience store in Memphis on the day of the shooting by Marvin Harrington. Harrington was present when the patrolman was killed and was also charged with his murder. The appellant's defense was that he had left the scene of the shooting before it occurred and had no part therein. Therefore, since the deceased was shot *701 with a .22 calibre weapon, the appellant contends this evidence tended to point the finger of guilt at Harrington as the person who fired the fatal shot and thereby exonerate appellant.
Although the record itself was not admitted into evidence, the transcript shows that the custodian of the company's records was allowed to testify concerning the record of the sale, which is required by law to be kept, after properly identifying it. We do not think this would have been reversible error since the jury had the benefit of the information contained in the record of the sale. However, upon a retrial of the case, we are of the opinion that the record itself should be admitted into evidence if offered again by appellant.
We are of the opinion that appellant's other assignments of error are without merit and are therefore not discussed.
For the reasons stated above, the case is reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER and BROOM, JJ., concur.