314 So.2d 722 (1975)
Mickey HARALSON
v.
STATE of Mississippi.
No. 48447.
Supreme Court of Mississippi.
May 26, 1975.
Rehearing Denied July 14, 1975.
J.K. Henry, Union, for appellant.
A.F. Summer, Atty. Gen., by John C. Ellis, Special Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, INZER and WALKER, JJ.
RODGERS, Presiding Justice.
This is an appeal from a judgment of conviction in the Circuit Court of the Second Judicial District of Jasper County, Mississippi, in which the appellant Mickey Haralson was charged with burglary and sentenced to serve a term of five (5) years in the state penitentiary.
The testimony shows that the appellant in company with two others, Kenneth Measell and Cecil Watkins, burglarized the *723 Jasper County Cooperative building. Cecil Watkins testified for the state that these parties burglarized the building on May 13, 1972.
The defendant Haralson denied that he was involved in the crime and offered an alibi as his defense.
On appeal to this Court, the appellant contends that he did not obtain a fair trial because his attorney was restricted in his cross-examination of the state's witness Watkins, and was not permitted to offer proof of the facts sought to be proven by Watkins. He contends that the trial judge committed grievous errors in excluding the testimony of the witness Mrs. Margaret Gentry; in admitting a written waiver of the witness Mr. R.J. Chisolm; and, in addition, it is said that the judge made prejudicial statements to the jury in both instances with reference to this evidence.
The argument that the trial court limited the right of the defendant's attorney to cross-examine the accomplice, state-witness Watkins, is not well taken; because first, the court was actually very patient with the defense attorney. The trial judge permitted him to cross-examine Watkins for quite a long time, consuming one hundred thirty-five (135) pages of this record. After having shown repeatedly that the witness was a professional burglar, the defense attorney attempted to elicit a confession from the witness that he was guilty of crimes for which he had not been convicted. The court would not require the witness to subject himself to prosecution by his own testimony. This ruling of the trial court was proper. See the many cases collected under Mississippi Constitution Section 26; Mississippi Code Annotated Section 13-1-13 (1972).
The appellant argues, however, that his attorney was not permitted to make an offer of testimony showing that the witness was guilty of other crimes. This testimony was not competent under the facts in this case.
Mississippi Code Annotated Section 13-1-13 (1972) is in the following language:
"Any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence. A witness shall not be excused from answering any material and relevant question, unless the answer would expose him to criminal prosecution or penalty."
The defendant cites Myers v. State, 296 So.2d 695 (Miss. 1974), wherein the "appellant was denied the right to a full and complete cross-examination of Jeffers when the witness, whether rightfully or not, successfully invoked the privilege against self-incrimination." 296 So.2d at 700.
The Myers case is not applicable to the long and patient cross-examination shown in the record in this case. The defendant had every opportunity to discredit the witness Watkins, and the fact that the witness was charged, or thought to be guilty, of other crimes for which he had not been tried, not competent evidence to further impeach the state's witness. A witness may be examined as to his interest in the case on trial or his former convictions of crime by the authority of Mississippi Code Annotated Section 13-1-13 (1972) [See Smith v. State, 217 Miss. 123, 63 So.2d 557 (1953), and other cases collected under § 13-1-13], but he cannot be questioned as to mere charges of the commission of offenses. Statham v. Blaine, 234 Miss. 649, 107 So.2d 93 (1958), motion to correct judgment sustained 234 Miss. 669, 108 So.2d 213 (1959). This is especially true where such charges are pending and the witness's testimony may incriminate him. Mississippi Code *724 Annotated Section 13-1-13 (1972). Moreover, the witness may not be asked nor proof made of the details of an alleged crime said to have been committed by the witness sought to be impeached.
It is next argued that the trial court erroneously excluded the testimony of Margaret Gentry who knew nothing about the case except that which had been told to her. It is said that she knew the day when Mr. and Mrs. Haralson and their son, the defendant, returned from their visit on the coast, but her testimony is: "I could not tell you the date except they looked it up [themselves and told me]." Her testimony was inadmissible and was properly excluded by the court.
It is further argued that the court then commented on this evidence when the trial judge said: "Sustained. It's based on hearsay." We find no error in the comment of the trial judge as to why he sustained an objection. Although it is true that a judge should not comment on the evidence in such a manner as to influence the verdict of a jury [Myers v. State, 99 Miss. 263, 54 So. 849 (1911)], nevertheless, a remark of a trial judge necessarily made while ruling on an objection does not constitute grounds for a reversal. Judges are not prohibited from telling counsel the reason for the ruling. United States v. Day, 438 F.2d 121 (5th Cir.1971); Kitchens v. State, 243 Miss. 194, 137 So.2d 919 (1962); Bumpus v. State, 166 Miss. 276, 144 So. 897 (1932); 75 Am.Jur.2d Trial § 98, at 199-200 (1974).
We find no merit in the other alleged errors presented for our consideration, and we are of the opinion that the appellant had a fair trial. The judgment of the trial court should be, and is hereby affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG, and BROOM, JJ., concur.