THE COMMITTEE ON LEGAL ETHICS

OF THE WEST VIRGINIA STATE BAR

*v.*

JOHN W. DANIEL, *member*

*of* THE WEST VIRGINIA STATE BAR

(No. 13869)

Decided June 7, 1977.

*Spilman, Thomas, Battle & Klostermeyer, Robert B. King,* for complainant.

*James E. Chambers, Robert O. Ellis,* for defendant.

PER CURIAM:

The complaint in this attorney disciplinary action, filed by The Committee on Legal Ethics of The West Virginia State Bar against John W. Daniel, a member of The West Virginia State Bar, pursuant to provisions of Section 19 of Article VI of the State Bar's By-Laws, charges in three counts that the accused attorney has been guilty of professional misconduct incident to his representation of clients. With the complaint was filed the committee's report in compliance with Section 17 of Article VI of the By-Laws. The Court's rule to show cause why the prayer of the complaint should not be granted and a disciplinary order entered was issued and served on the accused attorney who, in lieu of filing objections to the complaint as provided in Section 20 of Article VI of the By-Laws, filed his verified answer. The action has been briefed by counsel for the parties and submitted for decision.

The first count in the complaint charges that the accused attorney is guilty of three violations of the Code of Professional Responsibility: (1) That he neglected a legal matter entrusted to him by his client, in violation of Disciplinary Rule 6-101(A)(3); (2) that he intentionally failed to carry out a contract of employment entered into with his client, in violation of Disciplinary Rule 7-101(A)(2); and (3) that, when the attorney-client relationship was terminated, he failed to refund promptly to the client the unearned fee paid to him, in violation of Disciplinary Rule 2-110(A)(3). This count involves the attorney's representation of a female client against whom a

warrant had been issued by the City of Huntington charging her with illegally possessing and dispensing alcoholic beverages.

The second count charges that the accused attorney is guilty of two violations of the Code of Professional Responsibility: (1) That he neglected legal matters entrusted to him by his clients, in violation of Disciplinary Rule 6-101(A)(3); and (2) that he intentionally failed to carry out a contract of employment entered into with his clients, in violation of Disciplinary Rule 7-101(A)(2). This count relates to the attorney's representation of a brother and sister who claimed interests and benefits in their deceased father's estate and entailed contemplated litigation in the Circuit Court of Cabell County.

The third count charges that the accused attorney is guilty of four violations of the Code of Professional Responsibility: (1) That he neglected legal matters entrusted to him by his clients, in violation of Disciplinary Rule 6-101(A)(3); (2) that he intentionally failed to carry out a contract of employment entered into with his clients, in violation of Disciplinary Rule 7-101(a)(2); (3) that he knowingly made a false statement of fact in his representation of the clients, in violation of Disciplinary Rule 7-102(A)(5); and (4) that he failed to refund to the clients a part of the unearned fee, notwithstanding his offer to do so, in violation of Disciplinary Rule 2-110(A)(3). The charges in this count involve the attorney's representation of a husband and wife in contemplated bankruptcy proceedings.

The prayer of the complaint calls for public reprimands on the first and second counts and suspension of the attorney's license to practice law for a period of one year on the third count, together with reimbursement to the State Bar for its actual and necessary expenses incurred incident to these disciplinary proceedings against the accused. Article VI, § 20, By-Laws of the State Bar.

The Court is mindful that the accused attorney's license to practice law was revoked and annulled on July 14, 1964, and that he was granted a new license to prac-

tice law pursuant to the decision in *In Re Application for License to Practice Law by John W. Daniel,* 153 W. Va. 839, 173 S.E.2d 153 (1970). In Point 2 of the syllabus in that opinion the Court held:

> "Disbarment of an attorney to practice law is not used solely to punish the attorney but is for the protection of the public and the profession."

Likewise, in attorney disciplinary proceedings, short of disbarment as in the present case, disciplinary action is not wholly punitive, but embraces corrective and curative measures in a continuing program to eliminate incompetency, neglect of duty, and other aspects of professional misconduct and improprieties in the legal profession. The existence of a code of professional responsibility and the ready availability of the courts for enforcement of the code are basic factors in this ongoing endeavor. In this case the accused attorney, born in 1922 and initially admitted to practice law in 1948, has the maturity and experience of a seasoned attorney. The charges against him are to be reviewed and considered in the light of the record presented.

In the record relating to the first count the client is shown to have retained the attorney to represent and defend her on a warrant charging her with possessing and dispensing alcoholic beverages. She paid to him a retainer fee of $100.00. He admits receipt of the fee and states he considered the fee would cover all services to be rendered in the city police court case. When, after delayed hearings, she entered a plea of guilty and paid a fine, without the presence or services of an attorney, she requested a refund of the $100.00 paid to the attorney as his fee. His refusal to refund the money resulted in her action in the court of a justice of the peace where she recovered a judgment against the attorney for the amount of the fee. The money in satisfaction of the judgment was paid to her after she had been subpoenaed to appear at the State Bar's committee hearing on October 7, 1976, at Huntington on the charges she had filed against the attorney. The record made on the attorney's own statement and testimony at the hearing af-

firms his delay in refunding the fee. He kept no notes or office records on any telephone calls or conversations relating to the case, did not make any court appearance, and did not obtain a copy of the warrant for examination. The attorney made a statement of his position to the committee, testified, and was cross-examined. The record on the charges in the first count was adequately developed.

The second count in the complaint relates to legal services incident to a written contract of employment, dated December 15, 1973, whereby a brother and sister employed the accused as their attorney to represent them in negotiations and litigation to recover funds claimed by the brother and sister to be due them from their deceased father's estate. The clients paid to the attorney $500.00 as a retainer fee and he was to be paid 20 percent of funds recovered from the estate for them in excess of $1,000.00. It appears that the clients and the attorney understood joint bank accounts in the estate totaled some $35,000 and that the clients would be entitled to portions thereof. The attorney filed an action in the Circuit Court of Cabell County on the claim and later a motion for injunctive relief against the administrators of the estate. The answer to the civil action disclosed that the joint bank accounts were in fact survivorship accounts and that the clients would have no lawful claims thereon unless they could establish that their father had been subjected to undue influence or duress by a sister who was an executrix of the father's estate and due to benefit by the survivorship bank accounts. Considerable testimony relates to conversations and investigation relating to the undue influence and duress issues as basis for filing an amended complaint. The amended complaint was prepared, but not filed. The attorney also prepared and filed a petition for removal of an executor of the estate. The record shows that the attorney performed substantial legal services for the clients. No issue is here presented concerning a claim for refund of any of the $500 retainer fee paid by the clients to the attorney and the complaint includes no charges

relating thereto. It appears that the civil action was yet pending in the Circuit Court of Cabell County and that the estate here involved was not settled as of October 7, 1976, when the committee's hearing was held on the clients' complaints against the attorney. The record readily substantiates the clients' contentions that the accused attorney failed to reply to inquiries concerning the status of their claims, failed to diligently pursue investigation of evidence bases for their claims, and failed to keep the clients advised as to proceedings relating to and the merits of their claim. The record testimony discloses the clients have written letters to the attorney and have made telephone calls and visits to his office without being able to communicate with him for counsel and advice on their claims. An adequate record development on the second count is manifest.

In the third count of the complaint, four charges of violations of the Code of Professional Responsibility were made incident to the attorney's unprofessional conduct in representing two clients, a husband and wife, in bankruptcy proceedings. Early in November of 1975, the clients, then residing in Huntington, West Virginia, consulted with the attorney and paid to him $400 to represent them in bankruptcy proceedings to be commenced in the Federal District Court in the Southern District of West Virginia. Delays were occasioned in obtaining information for preparation of the petitions and by contemplated sale of real estate owned by the clients in the Huntington area but by November 21, the attorney assured the clients he had sufficient information for preparation of the petitions and asked them to go to an office next door to sign the bankruptcy forms. Testimony discloses the forms were signed and sworn to in blank. The attorney assured them the petitions would be filed by November 25, 1975. Later he assured them the petitions would be filed by December 5th. No responses or evasive responses were made to the clients' follow-up inquiries of the attorney. On January 9, 1976, the attorney advised one of the clients that the bankruptcy petitions had been filed, although they had not been so filed. The

clients moved from Huntington to Woodbridge, Virginia, and, on learning that the bankruptcy petitions had not been filed in West Virginia, they employed an attorney in Woodbridge who filed the petitions in the United States District Court in Virginia on April 13, 1976. No part of the $500 retainer fee paid to the attorney has been repaid to the clients. The charges in the third count are adequately supported in the record.

In attorney disciplinary proceedings based on a complaint charging professional misconduct and prosecuted by the Committee on Legal Ethics of The West Virginia State Bar for purposes of publicly reprimanding the attorney and for suspending the license of the attorney to practice law, the burden is on the Committee to prove the charges contained in the complaint by full, clear and preponderating evidence. *Committee on Legal Ethics v. Pietranton*, 143 W. Va. 11, 99 S.E.2d 15 (1957); *Committee on Legal Ethics V. Mullins*, ___ W. Va. ___, 226 S.E.2d 427 (1976).

The attorney in this case is charged with nine separate violations of the Disciplinary Rules contained in the Code of Professional Responsibility. In the first, second and third counts, he is charged with violating Disciplinary Rule 6-101(A)(3) by neglecting a legal matter entrusted to him by the clients in three separate attorney-client relationships. In the first, second and third counts, he is charged with violating Disciplinary Rule 7-101(A)(2) by failing to carry out a contract of employment entered into with clients for professional services in three separate attorney-client relationships. In the first and third counts he is charged with violating Disciplinary Rule 2-110(A)(3) by withdrawing from employment in two attorney-client relationships without promptly refunding any fee or part of fee paid to him in advance that had not been earned. In the third count he is charged with violating Disciplinary Rule 7-102(A)(5) by knowingly making a false statement of law or fact in an attorney-client relationship.

A careful review and consideration of the record in these proceedings warrant the finding and conclusion

that each of the nine charges presented in the three counts of the complaint has been proved by full, clear and preponderating evidence. While each charge has been separately and individually considered, the nature of the charges warrants consolidation and unitary consideration for adjudicatory and dispositive action consistent with provisions of Sections 19 and 20 of Article VI of the By-Laws of the State Bar. Accordingly, the charges and counts have been considered and weighed together as a unified basis for determination of the issues presented in these attorney disciplinary proceedings.

A prayer is contained in each count of the complaint that the Court require the accused attorney to reimburse the complainant for its actual and necessary expenses incurred in these proceedings. State Bar By-Laws, Article VI, § 20. An itemized statement of the actual and necessary expenses so incurred through December, 1976, totals $1,811.88. A statement of other actual and necessary expenses incurred by complainant since December, 1976, has not been presented to the Court. In consideration of the record as here presented and the details of the stated expenses, the Court finds it just and proper for the accused attorney to reimburse complainant for the $1,811.88 stated and for such additional actual and necessary expenses incurred by the complainant in these proceedings since December of 1976, and it is so ordered.

Upon the record, and pursuant to provisions of Article VI, § 20, of the By-Laws of The West Virginia State Bar, the prayer of the complaint is granted and a public reprimand is administered to the accused attorney, John W. Daniel, and the said attorney's license to practice law is suspended for a period of one year, with the actual and necessary expenses incurred by complainant in the prosecution of these proceedings, as above detailed, to be assessed against and paid by the defendant attorney.

*Public reprimand administered; license to practice law suspended.*