STATE *ex rel.* ROBERT R. SOWA

*v.*

THE HONORABLE ALBERT L. SOMMERVILLE, JR.,

CHIEF JUDGE, *etc., et al.*

(No. 15110)

Decided July 7, 1981.

*Garrett, Whittier & Garrett* and *William C. Garrett,* for relator.

*Chauncey H. Browning,* Attorney General, *Richard L. Earles,* Assistant Attorney General, for respondents.

HARSHBARGER, CHIEF JUSTICE:

Lawyer Sowa is an associate in the firm Garrett, Whittier and Garrett, with offices in Webster and Braxton Counties, and seeks to prohibit circuit judges of the Fourteenth Judicial Circuit, in which are situate those counties, from appointing him to represent indigent criminal defendants in Braxton County. A partner and an associate in his five-lawyer firm are prosecutors in Webster County, and Sowa avers that his Braxton County appointments create a conflict of interest and appear improper, violating professional ethics.

We are final arbiters of legal ethics problems. *State ex rel. Partain v. Oakley,* 159 W.Va. 805, 227 S.E.2d 314 (1976); By-Laws of The West Virginia State Bar, Art. VI, §18 (1979), Code, App.; W. Va. Code, 51-1-4a. Our Code of Professional Responsibility [1970], DR 5-101(A), Code, App. at 618, provides:

> Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

Notes to this rule refer to American Bar Association Canon 6[1] and interpretive opinions thereof. ABA Formal

---

[1] "It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents

Opinion 16 (1929), was:

> So long as the partnership relation continues between the county prosecutor and his professional associate, it is clearly unethical for one member of the firm to oppose the interests of the state while the other member represents those interests. The positions are inherently antagonistic and this would be so irrespective of *Canon 6*. No question of consent can be involved as the public is concerned and it cannot consent.
>
> In many communities it is the privilege of a prosecutor to continue in the private practice of law during his term of office, but this in no way alters the foregoing conclusions. The prosecutor himself cannot represent both the public and the defendant and neither can a law firm serve two masters. It follows that a partner in such a firm must forego the representation of defendants whose prosecution is the duty of another member who represents the public.

ABA Formal Opinion No. 142 (1935), was:

> The committee is of the opinion that it is improper for an Assistant Prosecutor to defend any client in a criminal cause.
>
> On several occasions this committee has held that *neither a law firm* nor a partner thereof can properly accept employment which any member of the firm cannot properly accept. See *Opinions 49, 50, 72, 103,* and *104.*
>
> The committee is therefore of the opinion that it is improper for a partner of a Judge *pro tem* to practice in the court over which he presides, and that it is likewise improper for the partner of an Assistant Prosecutor to defend any client in a criminal case. (Emphasis added.)

*See also* ABA Formal Opinions 118 and 296.

West Virginia Trial Court Rules, Code, App., Rule IV(c), prohibits associates of prosecutors from defending crimi-

---

conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

nals in the prosecutor's county. It also prohibits prosecutors or their assistants from defending criminals in other counties. It does not specifically preclude office associates of a prosecutor from defending criminals in other counties. *But see* Kizer, Legal Ethics and the Prosecuting Attorney, 79 W. Va. L. Rev. 367 (1977).

Code of Professional Responsibility, Canon 9,[2] the West Virginia State Bar, Formal Opinion 76-3, stated:

> Canon 9 of the Code of Professional Responsibility states that a lawyer should avoid even the appearance of impropriety. For the partners or associates of a prosecuting attorney or his assistants to represent criminal defendants in other state courts or in federal courts gives the appearance of impropriety.
>
> 2 W. Va. State Bar
> Journal No. 4 (1976).

We find that prosecuting attorneys, their assistants or members of their law firms may not accept private retainers to defend alleged criminals.

However, we are bound to guarantee availability of counsel for indigents. This precept, a foundation of our legal system, must override situations that may appear improper and violate Canon 9. The ABA recognized this in 1931 in Formal Opinion 55:

> For stronger reasons, this practice is not improper when rendered by appointment of the District Court, in the defense of indigent prisoners. A high responsibility rests on the bar in such cases. Constitutions quite generally guarantee to defendants in criminal cases the right to be represented in court by counsel and the statutory policy of many of our states requires the trial judge to appoint counsel for indigent prisoners, and in such instances such counsel is paid either a relatively small fee from the public treasury or nothing. In either event, he is performing a public service. The last paragraph of the Oath of Admission to the Bar

---

[2] Canon 9: "A Lawyer Should Avoid Even the Appearance of Professional Impropriety."

recommended by the American Bar Association to the various state authorities and published at the end of the Canons of Professional Ethics, reads as follows: "I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed." This high sentiment requires the bar to carry the burden of defending prisoners unable to employ lawyers for their defense, and obviously justice and fair dealing among brother members of the bar necessitate that this duty be spread on the entire membership and not cast upon a very few of them. *Canon 4* reads as follows:

A lawyer assigned as counsel for an indigent prisoner ought not to ask to be excused for any trivial reason, and should always exert his best efforts in his behalf.

For the foregoing reasons, *Opinion 34* does not apply to the defense of indigent prisoners. It is commendable for the city attorney to accept his share of the burden in defending indigent prisoners when requested to do so by the district judge, but not, of course, in cases of violation of municipal ordinances or other misdemeanors which it is his duty to prosecute.

With relation to the last portion of the question, the committee adheres to the views heretofore set forth in *Opinions 30, 33* and *34*, except that it believes that the partner of the city attorney should accept his share of the cases involving defense of indigent prisoners. However, he should not accept private retainers to defend prisoners so long as his partner is city attorney and as such charged with the duty of prosecuting offenders against the city ordinances or other misdemeanors.

To reconcile the potential conflict of interest and appearance of impropriety with the lawyer's ethical obligation to take indigent criminal appointments, we hold that partners and associates of a county prosecutor should accept indigent criminal defense appointments in counties other than that in which the prosecutor serves, only if a defendant has been made aware of the potential conflict and has signed a written consent filed with the court. The

only published precedent has permitted this representation. *Myers v. State,* Miss., 296 So.2d 695 (1974).

*Writ denied.*