328 S.E.2d 695

**COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR**

v.

**Michael H. LILLY, a Member of the West Virginia State Bar.**

No. 16523.

Supreme Court of Appeals of West Virginia.

March 29, 1985.

Robert H. Davis, Jr., Bar Counsel, Linda Gay, Discipline Counsel, W.Va. State Bar, Charleston, for complainant.

L.R. Coulling, Jr., Hudgins, Coulling, Brewster, Morhous & Cameron, Bluefield, for respondent.

PER CURIAM.

This is a disciplinary proceeding instituted by the Committee on Legal Ethics of the West Virginia State Bar against the respondent, Michael H. Lilly, a member of

the Bar. The Committee has recommended that this Court suspend the respondent's license to practice law for one year.

The respondent, who lives and practices his profession in Mercer County, was admitted to the Bar in 1970. In October 1981, he was retained by Mrs. Martha Murray for the purpose of obtaining a divorce on her behalf in the Circuit Court of Mercer County. In September 1982, Mrs. Murray wrote a letter to the Bar, apparently complaining that the respondent had failed to pursue the divorce action and had misled her as to the status of the case.[1]

Counsel for the Bar notified the respondent of the complaint and requested information in writing in reference thereto. By letters dated December 8, 1982 and December 20, 1982, the respondent acknowledged that he had delayed filing the divorce complaint but asserted that the delay was occasioned by Mrs. Murray's failure to pay a certain percentage of his fee until several months after he was retained. He asserted that he had scheduled two temporary hearings in the action, but that Mrs. Murray had been unable to attend the first one and that the second one had been cancelled due to a conflict in the judge's schedule. The respondent further asserted that the divorce action had gone to final hearing before the circuit judge, but that the circuit clerk's office had lost the case file, presumably prior to the entry of a final decree. The respondent denied having scheduled any other hearings in the matter or having led Mrs. Murray to believe that he had done so. He acknowledged that Mrs. Murray had requested a refund of the legal fees she had paid, but stated that due to recent financial reverses he was unable to make such a refund. He further asserted that he had suffered recent health and personal problems. However, the respondent held himself out as willing to refund Mrs. Murray's fees, if the Bar so ordered, or to institute new divorce proceedings on Mrs. Murray's behalf.

On June 15, 1984, the Committee on Legal Ethics served the respondent with notice of a hearing to be held in Bluefield on Mrs. Murray's complaint. In essence, the Committee alleged that the respondent had failed to file the complaint in Mrs. Murray's divorce action until March 7, 1983, several months after she had complained to the Bar, that he had failed to appear at a hearing scheduled in December 1981, that he had led Mrs. Murray to believe that a hearing was scheduled in March 1982 when one was not and that he made deliberate misrepresentations to the State Bar in asserting that there had been a final divorce hearing before the circuit judge and that the case file had been lost by the circuit clerk's office.[2]

In his answer to the notice and his testimony at the hearing conducted on July 13, 1984 the respondent admitted the substance of these allegations. Upon its review of the evidence, the Committee found the respondent guilty of professional misconduct in that he (1) failed to pursue the divorce action as initially agreed and failed to meet with or inform Mrs. Murray of the status of her case, all in violation of Disciplinary Rules 1–102(A)(6), 6–101(A)(3), 7–101(A)(2) and 7–101(A)(3) of the Code of Professional Responsibility; (2) made continued misrepresentations to Mrs. Murray concerning the status of her case in violation of Disciplinary Rules 1–102(A)(4) and 1–102(A)(6); and (3) made deliberate misrepresentations to the West Virginia State Bar in violation of Disciplinary Rules 1–102(A)(4) and 1–102(A)(6).

On October 31, 1984 the Committee presented to this Court a complaint detailing its findings and conclusions and recommending suspension of the respondent's license to practice law for a period of our year. On November 8, 1984, this Court issued a rule directing the respondent to appear and show cause why his license to practice law should not be suspended. The case was submitted for decision on January 8, 1985, upon the briefs filed and oral argu-

---

1. Mrs. Murray's letter was not made part of the record.

2. Other charges contained in the notice were subsequently dismissed by the Committee for lack of evidence.

ments made on behalf of the respective parties.

There is no question that the Committee has met its burden of proving the charges against the respondent by full, clear and preponderating evidence. *See Committee on Legal Ethics v. Daniel,* 160 W.Va. 388, 235 S.E.2d 369 (1977); *Committee on Legal Ethics v. Lewis,* 156 W.Va. 809, 197 S.E.2d 312 (1973). The facts upon which the Committee concluded that the respondent had neglected his client's legal affairs and had misled both his client and the Bar as to his activities on her behalf were admitted by the respondent and constitute clear violations of the applicable standards of professional responsibility. *See Committee on Legal Ethics v. Daniel, supra; Committee on Legal Ethics v. Mullins,* 159 W.Va. 647, 226 S.E.2d 427 (1976); *Committee on Legal Ethics v. Pence,* W.Va., 216 S.E.2d 236 (1975).

The respondent asserts, however, that the Committee's recommendation of a one-year suspension of his license is too severe a punishment for his actions. At the hearing below, the respondent asserted that during the period of his representation of Mrs. Murray, he was placed under a severe emotional strain as a consequence of substantial financial reverses and personal problems he suffered during 1982. He also asserted that during this same period he suffered serious health problems which intensified the psychological and emotional impact of his other problems. The respondent admitted that although he neglected Mrs. Murray's legal affairs, he was able to conduct the legal affairs of most of his clients during this period. He testified, however, that both his financial situation and his health began to improve in 1983 and that he was able to secure a final divorce decree for Mrs. Murray in May of that year, charging her nothing more than the fees she had already paid. At the time of the hearing he stated that he was once again making a living at his practice.

The respondent contends that the Committee did not give adequate consideration to this evidence. He does not contend that these circumstances excuse his misconduct, but rather that they should have been considered in mitigation of the sanction imposed upon him. He prays that this Court issue a public reprimand in lieu of suspending his license to practice law.

■ We have recognized that serious personal and emotional problems suffered by an attorney during the period in which he commits acts of professional misconduct may properly be shown in mitigation of discipline. *Committee on Legal Ethics v. Mullins,* supra. *See also Committee on Legal Ethics v. Tatterson,* 173 W.Va. 613, 319 S.E.2d 381 (1984); *Committee on Legal Ethics v. Pence, supra.* In *Mullins,* we held, at Syllabus Point 2, in part: "In disciplinary proceedings, this Court, rather than endeavoring to establish a uniform standard of disciplinary action, will consider the facts and circumstances in each case, including mitigating facts and circumstances, in determining what disciplinary action, if any, is appropriate...." *See also In Re Hendricks,* 155 W.Va. 516, 185 S.E.2d 336 (1971). "Mitigating circumstances are particularly important in connection with a case ... which is founded on prolonged inattention to a client's affairs." *Mullins, supra,* 159 W.Va. at 653, 226 S.E. at 430.

The Committee notes, however, that in its findings and conclusions the "considerable financial reverses" suffered by the respondent in 1982 and the evidence relating to his physical and emotional state during that period were expressly considered as matters going to mitigation of discipline. It asserts that in view of this fact and the serious and willful nature of the respondent's misconduct, its recommendation of a one-year suspension of the respondent's license should be given substantial consideration by this Court as the minimum level of discipline appropriate in this case.

■ Although we accord respect to the recommendations of the Committee in disciplinary proceedings, "[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syllabus Point 3, *Committee on Legal Ethics v. Blair,* 174 W.Va. 494, 327

S.E.2d 671 (1984). *See also In re L.E.C.,* W.Va., 301 S.E.2d 627 (1983) and *State ex rel. Sowa v. Sommerville,* 167 W.Va. 353, 280 S.E.2d 85 (1981). After careful consideration of the serious nature of the respondent's offenses and the circumstances surrounding them, we believe that a six-month suspension of the respondent's license would be a more appropriate penalty.

For the above reasons, the license to practice law of the respondent, Michael E. Lilly, is suspended for a period of six months. In view of the respondent's circumstances, we decline to award costs to the Bar.

· License suspended.