342 S.E.2d 217

**COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR**

v.

**Stephen Reid DOLLY.**

**No. 17026.**

Supreme Court of Appeals of West Virginia.

March 26, 1986.

* We are informed that the petitioner is currently on parole.

Robert H. Davis, Sr., State Bar Counsel & Linda Gay, Discipline Counsel, West Virginia State Bar, Charleston, for complainant.

No appearance for respondent.

PER CURIAM:

The Committee on Legal Ethics of the West Virginia State Bar (Committee) filed a complaint charging that Stephen Reid Dolly, a practicing member of the West Virginia Bar, violated DR 6–101(A)(3) * of the West Virginia Code of Professional Responsibility. The charge was based on the failure of Dolly to repay an amount of money held in escrow for a client he represented in a transaction involving the sale of real estate. The Committee recommends that the respondent lawyer be publicly reprimanded, State Bar By-laws, Article VI, §§ 18 and 20, and that he reimburse the Committee for expenses incurred in the investigation and hearing of this matter. By-laws, Article VI, § 20.

In 1981, Dolly was retained by Kenneth and Carol Culnan to represent them in the sale of 5.71 acres of land in Moorefield, Hardy County, to Frances Miller. At the time of the closing, September 24, 1981, the Culnans still owed a final installment payment to their grantors who held a deed of trust. Mrs. Culnan gave Dolly a check for $200 to guarantee the final payment. The $200 was deposited in an escrow account.

Mrs. Culnan also paid Dolly $84.30 to cover the costs of preparing and recording the deed and certain release forms.

It is undisputed that Dolly did not make the payment from the escrow account as his clients had directed him to do, nor did he have the deed recorded. Mrs. Culnan made several requests, to no avail, that Dolly perform these tasks. She made the final payment herself and asked Dolly to refund the $200. Eventually, she complained to the State Bar of Dolly's inaction. An informal conference between Dolly and the Committee took place on January 28, 1983, at which time Dolly was advised to fulfill his obligations to his clients. Dolly refunded the $84.30, but retained the $200.

Mrs. Culnan retained another lawyer, Karen Garrett, for the purpose of recording the deed. Garrett wrote to Dolly in June of 1983, informing him that the Culnan's note had been paid and the deed of trust properly released. She specifically requested that Dolly return the $200 to the Culnans. Seven additional months elapsed, and Dolly finally refunded the money.

Dolly appeared at a hearing on this matter and attempted to explain the delay by asserting that the holders of the deed of trust were uncooperative in signing effective releases that were necessary in order to ensure passage of clear title. He admitted, however, that after Garrett informed him that the deed of trust was released, he still waited several months before returning the $200.

The Committee's complaint, filed with this Court, charges:

> Respondent is guilty of professional misconduct in representing the Culnans because he failed timely and properly to record documents and to deliver them to his clients and he failed, for twenty-two (22) months, to pay the Culnans' final payment to the Marcuses or to refund the $200 he held in escrow for his client. Such failures each constitute separate and distinct neglectful actions indicating a dangerous and repeated tendency to

* DR 6–101 provides in pertinent part: "(A) A lawyer shall not: ... (3) Neglect a legal matter entrusted to him."

neglect important matters entrusted to Respondent in violation of DR 6–101(A)(3) of the Code of Professional Responsibility. The neglect is aggravated by Respondent Dolly's disregard for the pleas for acton [sic] from the Committee on Legal Ethics, from his successor counsel and from his client.

 The standard of proof in a proceeding based on a legal ethics complaint is well established.

In attorney disciplinary proceedings based on a complaint charging professional misconduct and prosecuted by The Committee on Legal Ethics of the West Virginia State Bar for publicly reprimanding the attorney and for suspending the license of the attorney to practice law, the burden is on the committee to prove the charges in the complaint by full, clear and preponderating evidence.

Syl. pt. 2, *Committee on Legal Ethics v. Daniel,* 160 W.Va. 388, 235 S.E.2d 369 (1977).

The charge against Dolly is not contested. Furthermore, the record and the committee's findings of fact support the conclusion that Dolly violated DR 6–101(A)(3) of the Code of Professional Responsibility. The violation has been clearly and fully proved.

The Committee recommends a public reprimand, recognizing that "the primary purpose of the Ethics Committee is not punishment, but rather protection of the public as to the reliability and integrity of attorneys." *Committee on Legal Ethics v. Mullins,* 159 W.Va. 647, 651, 226 S.E.2d 427, 429 (1976). We agree with the reasoning of the Committee that a reprimand may cause Dolly to undertake his obligations to clients in a more faithful and diligent manner. Therefore, we adopt the Committee's recommendation. Stephen Reid Dolly is hereby publicly reprimanded for his violation of DR 6–101(A)(3) of the West Virginia Code of Professional Responsibility.

Expenses incurred by the Committee in the investigation and hearing of this matter, in the amount of $548.12, are to be paid by the respondent attorney. *See* State Bar By-Laws, Article VI, § 20; *Committee on Legal Ethics v. Daniel, supra,* 160 W.Va. at 395, 235 S.E.2d at 373.

Public reprimand.