HARRIS *v.* STATE.*

(Division B. March 8, 1926.)

[107 So. 372.  No. 25297.]

1. CRIMINAL LAW. *Sentence authorized by statute is in trial court's discretion, and not reviewable.*

Sentence of ten years in penitentiary imposed on conviction of assault with intent to kill and murder, being authorized by statute, is within trial court's discretion, and not reviewable.

2. CRIMINAL LAW.

    Point of unconstitutionality of statute, authorizing the sentence, not being urged by defendant's counsel, will not be considered on appeal.

    *Corpus Juris-Cyc. References: Criminal Law, 16CJ, pp. 1355, n. 28; 1362, n. 12; 17CJ, pp. 212, n. 18; 254, n. 35.

Appeal from circuit court of Lauderdale county.

HON. R. M. BOURDEAUX, Judge.

Ben Harris was convicted of assault with intent to kill and murder, and appeals. Affirmed.

*Williamson & Gipson,* for appellant.

Under all the facts and circumstances, the trial judge in passing sentence upon this defendant violated section 28 of the constitution of Mississippi, which provides that, "cruel or unusual punishment shall not be inflicted, nor excessive fines imposed." We think that the court's action in giving the extreme penalty of ten years in the state penitentiary was due to the statement made by defendant's attorneys and their conduct in the trial of the case.

*J. A. Lauderdale,* special assistant attorney-general, for the state.

It is alleged that the sentence here was excessive, cruel and unusual, under all the facts in the case. If the testimony for the state is true, and the jury has found that it is true, the appellant deliberately and wilfully armed himself with a deadly weapon; and while so armed wilfully, deliberately and premeditatedly violated the criminal laws of the state with said deadly weapon in his hand, with the intention and purpose, no doubt, of shooting and shooting to kill any officer or other person who in any way interfered with his law violations; that he did discharge said pistol twice at and toward these four officers of the law without justification, excuse or mitigating

circumstance. Had he killed one or more, or all of them, he would have been guilty of murder.

Section 771, Hemingway's Code, has been the law of this state for a long time and is the law under which appellant was sentenced and unless this court holds this section unconstitutional, this assignment must fail. However, in the event the appellant was granted a new trial, was tried and convicted, the court below would have the same authority under this section to sentence the appellant to the penitentiary for the same time.

Argued orally by *Nate S. Williamson,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

Ben Harris appeals from a conviction on a charge of assault with intent to kill and murder, and a sentence of ten years in the penitentiary.

We see no good purpose to serve in setting out a detailed statement of the facts of the case. We have carefully considered the testimony in the case and think it is ample to support the verdict of the jury. The jury was justified, from the evidence, in finding that the appellant shot at and intended to kill the person named in the indictment.

We have examined all of the different assignments of error and are of the opinion that none of them are well grounded. The points presented are well settled by the law of this state, and we deem it unnecessary to discuss the questions or refer to the decisions of our court thereon.

The lower court did not err in refusing to grant a new trial. The sentence of ten years in the penitentiary imposed by the circuit judge was a matter within the discretion of the judge; and this court does not review the discretion exercised by the lower court in passing sen-

tence, provided the sentence is within the limitations of the statute. There is nothing in the point that the sentence of ten years in this case was ''excessive, cruel, and inhuman.'' If the statute authorizing the sentence of ten years is unconstitutional, counsel has failed to urge this proposition; and it not being raised by counsel, this court will not consider it. The judgment of the lower court is affirmed.

*Affirmed.*