## Jones *v.* State

Jan. 12, 1953

No. 38586      15 Adv. S. 2      62 So. 2d 217

*Howard B. McCrory, Jr.,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

HALL, J.

Appellant was convicted of the crime of robbery under Section 2362 and sentenced to a term of seven years in the State penitentiary. He and several other Negroes were engaged in gambling with dice and appellant lost most, if not all, of his money. He then pulled a pistol and, according to the testimony for the State, verified by four of the participants in the game, he took practically all the money they had, including not only that which they had won from him, but also money which they had when the game started. His defense was that he took only the money which they had won from him and he argues on this appeal that it is not robbery for one who has lost money in gambling to compel by force or threats the return of the money which he has lost.

Turner v. State, 177 Miss. 272, 171 So. 21, is almost on all-fours with this case. We there said: "Appellant further says that the peremptory instruction should have been granted, because the evidence does not show an intent to steal. He alleges that the proof is undisputed that he took only his own money which he had lost in an unlawful game of chance. Evidence for the State showed that appellant not only took the money which had been won in the game, but took the witnesses' original money which they had before they went into the game, especially the two one-dollar bills from Brasfield. This, at best, created a conflict on the question as to whether he took his own property, or that of the State witnesses, as well, as testified to by them . . . Appellant's contention is that the money he lost in the game, even though taken

by force, was taken without an intent to steal, for one cannot steal his own property. The evidence for the State is against this proposition, and we are not called upon to decide whether or not, in a game of chance, an alleged robber, taking only money he had lost in such unlawful game, would be guilty of robbery."

The State requested and was granted only one instruction. It is in legal form on the issue presented and no complaint is made against it, but appellant contends that the trial court erred in not giving additional instructions to the jury so as to embody the principle that he is not guilty of robbery if he took only the money which he had lost. There are two answers to this contention. One is that in this State a trial court has no authority to instruct a jury sua sponte. Williams v. State, 32 Miss. 389, 1 Mor. St. Cas. 933, 66 Am. Dec. 615; Archer v. Sinclair, 49 Miss. 343; Watkins v. State, 60 Miss. 323; Bacon v. Bacon, 76 Miss. 458, 24 So. 968; Gulf & Ship Island Railroad Co. v. Simmons, 153 Miss. 327, 121 So. 144; Masonite Corporation v. Lochridge, 163 Miss. 364, 140 So. 223; J. C. Penney Co. v. Evans, 172 Miss. 900, 160 So. 779. The other answer is that appellant obtained an instruction embodying the very principle for which he contends; as to its propriety we specifically withhold approval and express no opinion.

Appellant contends, finally, that the sentence imposed upon him is excessive. We find no merit in this point. The term of a sentence, if within the limits authorized by statute, is in the discretion of the trial court. Harris v. State, 142 Miss. 342, 107 So. 372.

Affirmed.

*McGehee, C. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.