258 So.2d 436 (1972)
Joe ALSTON
v.
STATE of Mississippi.
No. 46660.
Supreme Court of Mississippi.
February 7, 1972.
Rehearing Denied March 13, 1972.
*437 Ransom P. Jones III, Pascagoula, W.S. Moore, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Joe Alston was convicted in the Circuit Court of Jackson County, Mississippi, of the crime of selling marijuana. He received a penitentiary sentence of four years and appealed to this Court.

I.
Alston contends that his conviction was a nullity because he was indicted under a statute which did not become effective until after the alleged crime occurred on April 2, 1971. The question is whether the indictment is valid.
On April 16, 1971, the Uniform Controlled Substances Act became effective. Miss. Laws 1971, Ch. 521 (§§ 6831-51 through 6831-88, Miss. Code 1942 Ann. (Supp. 1971)). The Act declares marijuana to be a controlled substance (§ 6831-57(c) (10), Miss. Code 1942 Ann. (Supp. 1971)), the sale or delivery of which is illegal. § 6831-70, Miss. Code 1942 Ann. (Supp. 1971).
The indictment charged:
That Joe Alston late of the County aforesaid, on the 2nd day of April in the year of our Lord 1971, in the County aforesaid, did unlawfully, wilfully, feloniously and knowingly sell the Schedule I Controlled Substance or Narcotic Drug without authority of law  to-wit: One ounce of marijuana, to one Terry Bullock, for the sum of $15.00, in violation of the Uniform Controlled Substance Act of 1971.
We hold that the indictment was valid for the following reasons: (1) It is not necessary to designate the statute under which an indictment is drawn, and if the crime is charged in words aptly charging the offense the indictment is sufficient. Pearson v. State, 248 Miss. 353, 158 So.2d 710 (1963). The sale of marijuana constituted a crime before the 1971 Act, and likewise constitutes a crime under the 1971 Act. The indictment aptly charged the crime of selling marijuana under the previous law, and reference to the 1971 Act at most was mere surplusage. Dendy v. State, 224 Miss. 208, 79 So.2d 827 (1955). (2) The 1971 Act, Code section 6831-83(a), provides that the penalty for violations prior to the effective date of the 1971 Act shall be prescribed in accordance with the 1971 Act. It follows that it was appropriate to refer to the 1971 Act in the indictment for if the sale of marijuana was not a violation under the new Act there would be no penalty to prescribe. (3) The 1971 Act does not increase the punishment for violations involving the sale of marijuana; it mollifies the rigor of the previous law. Therefore, it is not within the prohibition against the enactment of ex post facto laws. McGuire v. State, 76 Miss. 504, 25 So. 495 (1899).

*438 II.
The defendant requested several instructions submitting to the jury the question of entrapment. He assigns as error the refusal of the trial court to submit this issue to the jury.
The facts bearing on this issue are as follows: The state offered the testimony of Terry Bullock, an undercover investigator employed by the Pascagoula Police Department, to determine who was dealing in narcotics, including marijuana. Bullock adopted the dress and life style of a certain group in the Jackson County area who used drugs. He heard members of this group refer to a person named Joe. Bullock went with the group to Joe Alston's house, because one of the group said he knew where they could smoke some marijuana free. The defendant then took them to the kitchen and brought out some marijuana; some of the group began rolling marijuana cigarettes, which they then smoked. One of the group told Bullock that Joe Alston was dealing in marijuana. Bullock asked Joe Alston if he had any marijuana to sell and Alston said he was making purchases in Mobile and would bring some back. After several visits to Alston's house, Bullock bought an ounce of marijuana for $15.
Alston testified that Bullock came to his home and there were three other people there, and they all sat around the kitchen table and smoked marijuana. Alston said Bullock asked him where he got the marijuana, and Alston told him he got it in Mobile. Bullock asked Alston if he would "get me some" and Alston said, "no, I can't." About a week later, Bullock came by Alston's house and asked for some marijauna. Alston said he did not know where he could get any right then, but he would check on it. Later, Bullock came by Alston's house and again asked for some marijuana, and Alston "told him I didn't know at that time where I could get any." The next week, Bullock repeated the request when they met at a service station, and Alston stated that he would try. Later that week, Bullock went to Alston's house and paid Alston $15 for "a lid," or one ounce, of marijuana. Alston testified that he charged him the same amount as he had paid for it. After the sale, Bullock contacted Alston several times but no further sales were made. Alston testified he bought the marijuana in Mobile for Bullock and had never sold marijuana to anyone.
In numerous cases where entrapment was alleged as a defense this Court has drawn a distinction between those cases involving the sale of contraband and those involving the personal or property rights of individuals, such as theft, burglary, trespass, rape, and kindred offenses where the consent of the person or owner might be an element of the offense. Smith v. State, 248 So.2d 436 (Miss. 1971); McLendon v. State, 247 Miss. 510, 153 So.2d 711 (1963); Averitt v. State, 246 Miss. 49, 149 So.2d 320 (1963); French v. State, 149 Miss. 684, 115 So. 705 (1928).
Entrapment is an affirmative defense. The defendant must go forward with the proof to establish this defense, and if he does so the state has the burden of proof on that issue. In this case, the defendant offered no evidence to establish his defense of entrapment. The evidence, including his own testimony and considered in the light most favorable to him, does not establish the defense of entrapment. The fact that defendant sold the marijuana for what he paid for it does not aid his defense of entrapment.
This Court has repeatedly held that a person making an unlawful sale of contraband is not excused from criminality by the fact that the sale was induced for the purpose of prosecuting the seller. French v. State, supra; McLendon v. State, supra. The fact that an informer had on several occasions requested defendant to secure drugs for him does not excuse a sale of drugs to the informer. *439 Smith v. State, supra; Laughter v. State, 235 So.2d 468 (Miss. 1970).
There was no factual issue for the jury on the question of entrapment. The trial court correctly refused instructions on that issue.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.