291 So.2d 182 (1974)
Tim BOONE
v.
STATE of Mississippi.
No. 47518.
Supreme Court of Mississippi.
March 4, 1974.
Rehearing Denied March 25, 1974.
*183 Charles R. Holladay, Picayune, for appellant.
*184 A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice.
This is an appeal from the Circuit Court of Pearl River County. The defendant, Tim Boone, was convicted of the unlawful sale of a controlled substance (marijuana) and was sentenced to serve a term of 5 years in the Mississippi State Penitentiary.
The essential facts of this case are not in dispute. The Sheriff of Pearl River County called an undercover agent of the Mississippi Bureau of Narcotics, William Huff, into the county and placed the agent in jail so that he could become acquainted with drug users in the area. While in jail Huff met the defendant and after their release the two men became friendly. Sometime later Huff and the defendant were discussing marijuana and the defendant stated that he was going to New Orleans that day to procure marijuana and that he would get some for Huff if the latter so desired. The defendant informed Huff that the marijuana would cost approximately $125. Later during the same day Huff gave the defendant $140 in cash with which to make the purchase and the defendant departed. At 11:55 p.m. the defendant returned to Huff's motel room and told Huff that the marijuana was in the room directly below and had cost $135. Huff and the defendant went to the other motel room where a sack was sitting on the floor. Huff emptied the sack which contained 24 lids of marijuana on the bed. Both Huff and the defendant testified that the defendant returned $5 change to Huff.
The principal contention of the defendant is that the evidence in this case did not prove a "sale", hence, his conviction must be reversed. The defendant was indicted for the unlawful sale of a controlled substance contrary to Miss. Code Ann. § 41-29-139(c)(2) (1972). That section makes it a crime to sell a controlled substance for money or other consideration. Miss. Code Ann. § 41-29-105(z) defines "sell" in the following manner:
"Sale," "sell" or "selling" means the actual, constructive or attempted transfer or delivery of a controlled substance for remuneration, whether in money or other consideration.
Delivery is defined in § 41-29-105(h) as follows:
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship.
The defendant vigorously argues that he acted merely as an agent for Huff, the actual buyer of the marijuana and, since he failed to realize a return on the transaction, he cannot be convicted under a statute which defines sale as a "transfer or delivery of a controlled substance for remuneration, whether in money or other consideration."
The testimony of both agent Huff and the defendant indicate that the marijuana cost $135 and that the defendant returned to Huff the remaining $5 of the original $140 given the defendant by Huff for the purchase. It is certainly true that the defendant did not realize a profit on the transaction, but Miss. Code Ann. § 41-29-139(c)(2) (1972) does not contemplate that the seller must realize a profit in order to be guilty of the sale of a controlled substance. The statute simply says that the crime occurs whenever a controlled substance is transferred or delivered in exchange for remuneration, whether in money or other consideration. That is exactly what happened in the case at bar. The defendant was given $135 by Huff and he delivered 24 lids of marijuana to Huff. We believe that this statute should be given a sensible construction, keeping firmly in mind that the object of the statute is the control of the drug traffic.
*185 We are of the opinion that the definition of "sale" in the statute where "delivery" is made shows a legislative intent that the act of a person making such sale and delivery constitutes a sale even if such person is acting as an agent for either the purchaser or seller.
See State v. Livingston, 2 Or. App. 587, 469 P.2d 632 (1970) and People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578 (1959) for a construction of similar statutes in Oregon and Illinois.
As an adjunct to his argument that no sale was proven the defendant contends that the jury verdict was "contrary to the weight of the evidence regarding entrapment." An accused may interpose entrapment as a defense and the question of whether or not the defendant was entrapped by an officer of the state is to be determined by the jury under proper instructions. Jones v. State, 285 So.2d 152 (Miss. 1973); Smith v. State, 248 So.2d 436 (Miss. 1971); Averitt v. State, 246 Miss. 149, 149 So.2d 320 (1963).
However, before an accused is entitled to an instruction on the defense of entrapment, the testimony in the case must be sufficient to raise the defense of entrapment. Alston v. State, 258 So.2d 436 (Miss. 1972). In Alston the proof showed that an undercover agent had asked the defendant, on several occasions, to buy him some marijuana. Each time the defendant refused, but finally sold the undercover agent marijuana for $15 and testified that he charged the undercover agent the same amount as he had paid for it. In Alston the Court stated:
The fact that an informer had on several occasions requested defendant to secure drugs for him does not excuse a sale of drugs to the informer... . (258 So.2d at 438).
The proof in the case at bar falls within the rule of Alston, supra, and was not sufficient to raise the question of entrapment for submission to the jury. If the defendant had requested instructions on the defense of entrapment, such instructions should have been refused by the trial court under the evidence in this case.
Next the defendant urges that the lower court erroneously refused to grant his Instruction Nos. 5 and 6. Defendant's Instruction No. 5 is as follows:
The Court instructs the jury for the defendant that the jury must resolve in defendant's favor reasonable doubt created by the defendant's testimony.
Defendant secured two instructions on reasonable doubt.[1] It is elemental that the state is required to prove the guilt of one accused of crime beyond a reasonable doubt. A defendant may, although not required to do so, testify in his own behalf and if he does his testimony is entitled to the same consideration as any other witness. An instruction to that effect would have been proper; however, defendant's requested Instruction No. 5 requires the jury to place an additional value on the testimony of the defendant. In effect it would allow any defendant to deny commission of a crime and thereby require the jury to release him because of the doubt his testimony, standing alone, had created regardless of the strength of the evidence *186 against him. An instruction such as this unduly enhances the testimony of a defendant and amounts to a comment on the weight of the testimony. It was properly refused by the trial court.
Defendant's Instruction No. 6 is as follows:
The court instructs the jury for the defendant that the burden of proof is upon the State to prove beyond any reasonable doubt that the defendant intended to sell and if the jury have a reasonable doubt about the intent to sell then it is the duty of the jury to find the defendant not guilty.
Defendant was indicted under Miss. Code Ann. 41-29-139(c) (1972) which reads as follows:
Except as authorized by this article, it is unlawful for any person to sell, barter or transfer a controlled or counterfeit substance for money or for other consideration.
Paragraph (2) under subsection (c) reads as follows:
Any person who violates this subsection with respect to:
Any other controlled substance classified in Schedules I, II or III, as set out in sections 41-29-113 to XX-XX-XXX, is guilty of a felony and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than thirty thousand dollars ($30,000.00), or both;
In Wright v. State, 236 So.2d 408 (Miss. 1970), this Court considered the necessity of the state to prove criminal intent under § 6846 Miss.Code 1942 Ann. (1952) and stated:
It is contended that under the common law a crime requires two elements: (1) an act, and (2) an evil intention. "This view is expressed in the maxim that an act does not render one guilty unless the mind is guilty." 21 Am.Jur.2d Criminal Law § 81 (1965). This rule is expressed in the Latin maxim Actus non facit reum, nisi mens sit rea. In studying the meaning and origin of the "mens rea" rule, one must keep in mind the fact that criminal law is divided not only into grades as to enormity or seriousness, viz., misdemeanors and felonies, but is also divided into crimes which, in their very nature, are inherently wrong (mala in se), and crimes which the law does not consider to be naturally wrong but which are necessarily imposed for the good order, safety, welfare, health and morals of the people, and for that reason such acts are prohibited by law (mala prohibita). They are in the nature of police regulations. United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922).
Although it may be said that intent is a necessary element of all crimes, this does not necessarily connote conscious wrongdoing. There are statutory crimes in which the law categorically forbids certain acts without regard to the state of mind of the actor. In that instance "* * * the intent to do that act is the only element necessary to complete the offense." 21 Am.Jur.2d Criminal Law § 81 (1965). The Legislature may define a crime which depends on no mental element and consists only of forbidden acts or omissions. 14 Am.Jur. Criminal Law § 16 (1938). Where acts constituting such an offense have been defined by the Legislature, criminal intent need not be proven by the prosecution. Criminal intent not expressed in the statute is not always required where the offense is merely malum prohibitum. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); State v. Fulco, 194 La. 545, 194 So. 14 (1940); People v. Sybisloo, 216 Mich. 1, 184 N.W. 410 (1920). Statutes which do not require "guilty knowledge" have been generally held to be constitutional, 21 Am.Jur.2d Criminal Law § 90 (1965), unless such laws invade some specific constitutional right. State v. Johnson, *187 163 Miss. 521, 141 So. 338 (1932). (236 So.2d at 413, 414).
We are of the opinion that the offense for which the defendant was indicted is an offense prohibited by law (mala prohibita) and it was not necessary for the state to prove criminal intent. The trial court therefore properly refused Instruction No. 6.
The defendant next assigns as error the trial court's failure to dispose of his pretrial motion to suppress evidence. The record does not reflect that the defendant brought this motion to the attention of the court; therefore he has waived any objection on appeal. Brooks v. State, 242 So.2d 865 (Miss. 1971); Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963). See also Rule 8, Uniform Rules for the Circuit Courts of Mississippi.
The defendant also contends that the trial court erroneously restricted the testimony of two of his witnesses and that the state failed to prove a continuous chain of custody for the marijuana. We have examined the record carefully and we do not find that the trial court abused its discretionary control over the examination of the witnesses. Neither are we persuaded that the marijuana offered in evidence by the state was unaccounted for at any time from the time it was delivered to Huff until it was introduced as evidence.
Finally, the defendant contends that the sentence of 5 years imprisonment imposed upon him is unduly harsh. The maximum penalty for the offense of which the defendant was convicted is imprisonment for 20 years or a fine of $30,000, or both. It is well settled in this state that the imposition of sentence is within the sound discretion of the trial court and we will not review the sentence provided it is within the limits prescribed by statute. Crapps v. State, 221 So.2d 722 (Miss. 1969); Boyd v. State, 253 Miss. 98, 175 So.2d 132 (1965); Bond v. State, 249 Miss. 352, 162 So.2d 510 (1964); Jones v. State, 216 Miss. 186, 62 So.2d 217 (1953); Harris v. State, 142 Miss. 342, 107 So. 372 (1926). While we note that the defendant Boone was 19 years of age at the time of his conviction and was a first offender, and while we recognize that Miss. Code Ann. § 41-29-150 (1972) authorizes certain alternative penalties rather than imprisonment in first offender cases, we cannot say that the lower court abused its discretion in imposing the sentence in this case.
For the foregoing reasons, the defendant's conviction is hereby affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.
NOTES
[1] DEFENDANT'S INSTRUCTION NO. 2

The court instructs the jury for the defendant that a reasonable doubt may arise from the whole of the evidence, from the lack of evidence, or from the insufficiency of the evidence, but however it may arise, if it arise [sic], it is your sworn duty to find the defendant not guilty.
DEFENDANT'S INSTRUCTION NO. 4
The court instructs the jury for the defendant that the burden of proof is upon the State and the State must prove its case beyond a reasonable doubt and that as long as there is a reasonable doubt as to the defendant's guilt or his probable innocence, the State has not sufficiently and satisfactorily made out its case, and unless the jury believes beyond every reasonable doubt from the evidence produced by the State in this case that the defendant sold for money marijuana, it is the sworn and positive duty of the jury to find the defendant not guilty.