# IN THE COURT OF APPEALS 04/08/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00512 COA

**CLARENCE O. BOURNE A/K/A CLARENCE ORLANDO BOURNE**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. R. I. PRICHARD III

COURT FROM WHICH APPEALED: CIRCUIT COURT OF JEFFERSON DAVIS COUNTY

ATTORNEY FOR APPELLANT:

TOMIE T. GREEN

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: SCOTT F. LEARY

DISTRICT ATTORNEY: MANYA CREEL

NATURE OF THE CASE: CRIMINAL: FELONY

TRIAL COURT DISPOSITION: CONVICTED FOR SALE OF COCAINE; SENTENCED TO SERVE A TERM OF 25 YRS IN MDOC

MANDATE ISSUED: 6/24/97

BEFORE BRIDGES, C.J., HERRING, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

Clarence O. Bourne was convicted for one count of sale of cocaine in violation of Mississippi Code Section 41-29-139(a). Bourne was sentenced to serve a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections. The trial court denied Bourne's motion for JNOV or, in the alternative, a new trial. We find that none of Bourne's issues on appeal has merit and therefore affirm.

FACTS

On June 9, 1994, Darrel Hilliard, chief deputy of the Copiah County Sheriff's Office, was operating in an undercover capacity for the State in a narcotics investigation in Jefferson Davis County, Mississippi. Hilliard testified that the investigation was targeting a specific area on highway 84 in Jefferson Davis County and that his instructions were to attempt to purchase narcotics in this area. Hilliard, driving an undercover vehicle equipped with a video camera, stated that he went to the targeted area and purchased cocaine from an individual named "Bearcat." Hilliard testified that immediately following the "Bearcat" transaction a vehicle in which the Appellant, Bourne, was riding drove up to his vehicle and that Bourne initiated a conversation with Hilliard. Hilliard testified that Bourne asked him what he needed and then got out of the vehicle and approached Hilliard's vehicle. Hilliard stated that Bourne again asked what he needed and that Hilliard responded with the inquiry, "What can you do for a hundred?" Hilliard testified that Bourne responded that he did not have it but that his boys at the Jeffersonian Hotel had it. Hilliard then testified that he transported Bourne to the hotel and that Bourne directed Hilliard to park in front of room 111. Hilliard stated that Bourne asked how he wanted it, "in rocks or in a slab?" Hilliard stated that Bourne then went into the hotel room but came back without the cocaine and indicated that the guy inside did not want to sell. Hilliard testified that he told Bourne that he would go elsewhere if he could not get the cocaine and that Bourne stated that he would try again. Hilliard indicated that Bourne went back into the hotel room and returned with the cocaine. Hilliard testified that Bourne then handed him the cocaine and that he (Hilliard) gave Bourne one hundred dollars. The transaction was captured on video which was shown to the jury.

Bourne testified in his own behalf and alleged that he had been entrapped. Bourne testified that when he saw Hilliard on June 9, 1994, he was looking for a ride to Prentiss, Mississippi. Bourne indicated that he was merely a go-between in the transaction and that he was involved only because he was doing Hilliard a favor in exchange for the ride. Bourne testified that he would not have been involved with the drug buy if Hilliard had not initiated the events which took place. At trial, Bourne requested and was granted an entrapment instruction. Nevertheless, the jury returned a verdict of guilty of sale of cocaine. Feeling aggrieved, Bourne appeals.

ANALYSIS

I. WHETHER BOURNE IS ENTITLED TO A NEW TRIAL BASED ON A MATERIAL VARIANCE BETWEEN THE INDICTMENT, THE PROOF AT TRIAL,

AND THE ORDER OF CONVICTION.

Bourne appeals his conviction on the ground that he was convicted of the possession of cocaine which carries a maximum three (3) year penalty, as opposed to the transfer of cocaine as charged in his indictment. Bourne bases his argument on the fact that his indictment charged him under Mississippi Code Section 49-29-139(a)(1), the sale statute, and that his order of conviction indicates that he was convicted under Mississippi Code Section 49-29-139(c)(1) which is the possession statute. Bourne, in his brief, cites law which states that the trial court cannot modify an indictment so as to change the charge made in the indictment to another crime, except by the action of the grand jury who returned the indictment. Bourne, however, makes no argument as to how this law applies to his case.

The State contends that Bourne is procedurally barred from asserting this assignment of error because he failed to declare any meaningful argument on appeal. The State, without waiving this defense, also argues that Bourne's assignment of error is nothing more than an obvious scrivener's error in the order of conviction in that (c) was mistakenly used in the place of (a) in the citation to the pertinent code section. The State points out that the trial court, pursuant to a motion by the State to remand the matter to the trial court for correction, entered a nunc pro tunc order to amend the order of conviction which stated:

> The order of conviction correctly stated that Clarence Bourne was indicted for sale of a scheduled II controlled substance, but erroneously stated that sale of a controlled substance was a violation of Miss. Code Ann. § 41-29-139(c)(1), rather than Miss. Code Ann. § 41-29-139(a)(1). A scrivener's error was made in the order of conviction in that (c) was erroneously used in the place of (a).

> IT IS, THEREFORE, ORDERED AND ADJUDGED that the clerical error in the original order of conviction be corrected and that an amended order of conviction be entered. Pursuant thereto, the first sentence in the original order of conviction:

>> . . . charging said Defendant with the crime of SALE OF A SCHEDULED II CONTROLLED SUBSTANCE, in violation of Mississippi Code Section 41-29-139(c)(1) . . . ;

> shall hereby be corrected to read as follows in the amended order of conviction:

>> . . . charging said Defendant with the crime of SALE OF A SCHEDULED II CONTROLLED SUBSTANCE, in violation of Mississippi Code Section 41-29-139(a)(1) . . .

We find that the State, acting pursuant to MRAP 10(e), properly requested and was granted a stay of appeal in order to file a motion for a nunc pro tunc order. Pursuant to the nunc pro tunc order to amend the order of conviction, on January 26, 1996, the trial court entered an amended order of conviction, correcting the scrivener's error and holding that the "SALE OF A SCHEDULED II CONTROLLED SUBSTANCE" is a violation of "Mississippi Code Section 41-29-139(a)(1)." We find nothing in Bourne's argument to convince us that the trial court acted improperly in amending the order of conviction. The Mississippi Supreme Court has held:

> [T]he power to correct a judgment rendered at the former term of the court, so as to strike out the judgment erroneously entered by mistake of the clerk and substitute for it the wholly different judgment actually rendered by the court, is a power inherent in every court, and is not derived from any statute.

*Bynum v. State*, 76 So. 2d 821, 825 (Miss. 1955). We find that Bourne's assignment of error is unfounded as any variance between the indictment and the order of conviction was properly corrected by the trial court pursuant to the nunc pro tunc order.

## II. WHETHER THE TRIAL COURT ERRED BY DENYING BOURNE'S MOTION FOR DIRECTED VERDICT BASED ON THE DEFENSE OF ENTRAPMENT.

Bourne contends that he was entitled to a directed verdict on the ground that the State failed to prove that Bourne was predisposed to commit the offense charged. Bourne argues that a person's ready response to solicitations by an informant is not enough to establish beyond a reasonable doubt that he was predisposed to commit the crime for which he was solicited. Bourne contends that "[l]aw enforcement officials go too far when they implant in the mind of a person the disposition to commit the alleged offense and induce its commission in order that they may prosecute."

Entrapment is defined as "the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense." *Hopson v. State*, 625 So. 2d 395, 399 (Miss. 1993) (quoting *Phillips v. State*, 493 So. 2d 350, 354 (Miss. 1986)). Entrapment is an affirmative defense and must be proved by the defendant. *Hopson*, 625 So. 2d at 399. "If the defendant already possessed the criminal intent, and the request or inducement merely gave the defendant the opportunity to commit what he or she was already predisposed to do, entrapment is not a defense." *Id.* Thus, two requirements must be met to successfully raise entrapment as a defense: (1) "proof of government inducement to commit the criminal act or acts;" and (2) "that the defendant lacks the predisposition to commit the criminal acts." *Id.* at 400. In determining whether the defendant has met the requirements necessary to raise an entrapment defense, "the defendant must be given the benefit of all doubts about the evidence." *King v. State*, 530 So. 2d 1356, 1359 (Miss. 1988). Once the defendant makes out a prima facie case that he was entrapped, three consequences follow: (1) the burden of production and proof shift to the prosecution, (2) the accused becomes entitled to have the issue submitted to the jury on proper instruction, and (3) predisposition becomes a fact of consequence, and evidence thereof becomes relevant and admissible. *Tanner v. State*, 566 So. 2d 1246, 1248 (Miss. 1990).

In the present case, Bourne was given the benefit of all doubt and an entrapment instruction was given. Nevertheless, Bourne attacks the sufficiency of the evidence as it pertains to entrapment. It is apparent, however, that Bourne misunderstands the distinction between the entitlement to an entrapment instruction and entitlement to a directed verdict/JNOV. The Mississippi Supreme Court has stated that whether an accused is entitled to an entrapment instruction is "wholly irrelevant" to the question of whether the record contained evidence adequate to support a jury determination of entrapment. *King*, 530 So. 2d at 1359-60. In the present case, Bourne is challenging the sufficiency of the evidence by presenting arguments which pertain to whether or not the jury should be instructed as to the entrapment defense. Bourne, in his confusion, makes no sufficiency argument whatsoever. Nonetheless, the question before this Court is whether the evidence was sufficient enough to warrant

consideration by the jury.

A challenge to the sufficiency of the evidence requires consideration of the evidence before the court when made, so that this Court must review the ruling on the last occasion when the challenge was made at the trial level. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993). This occurred when the trial court overruled Bourne's motion for JNOV. The Mississippi Supreme Court has stated, in reviewing an overruled motion for JNOV, that the standard of review shall be:

> [T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [Bourne's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

*Id.* (citations omitted).

Bourne argues that the record was void of any proof that he was predisposed to sell cocaine. We disagree. The testimony indicated that Bourne was present in an area known for drug transactions and that he was engaged in a conversation with a man who, just moments before, had sold cocaine to Officer Hilliard. Officer Hilliard testified that Bourne asked him what he needed and when Hilliard indicated that he wanted to buy drugs, Bourne stated that he could get what Hilliard needed from his boys at the Jeffersonian Hotel. Bourne then got into the car with Hilliard and directed him to room 111 at the hotel. The testimony as well as the video tape indicated that Bourne went into room 111 and retrieved the cocaine and then gave it to Hilliard in exchange for $100. Bourne was clearly predisposed to commit the crime for which he was charged and did so when presented with the opportunity.

The evidence consistent with the guilty verdict must be accepted as true. *Id.* at 778. Considering the elements of the crime along with all the evidence in the light most favorable to the verdict, the evidence is not such that reasonable jurors could only find Bourne not guilty of sale of cocaine. We find that the trial court properly denied Bourne's motion for a directed verdict.

> ### III. WHETHER THE STATE FAILED TO ESTABLISH A CHAIN OF CUSTODY FOR THE COCAINE THAT WAS ALLEGEDLY SOLD BY BOURNE TO HILLIARD.

Bourne contends that the chain of custody for the cocaine which he allegedly sold to Hilliard was not properly established. Specifically, Bourne argues that two of the persons who handled the cocaine were not presented as witnesses thus resulting in a failure to completely establish the chain of custody. Bourne argues further, in support of this issue, that the crime laboratory analysis of the cocaine was never admitted into evidence. Bourne cites one case, *Kettle v. State*, 641 So. 2d 746 (Miss. 1994), for the proposition that the defendant is entitled to have the person who conducted the laboratory analysis testify in person.

Mississippi Rule of Evidence 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The Mississippi Supreme Court has held that the test for chain of custody is "whether there is any indication of tampering or substitution of evidence." *Wells v. State*, 604 So. 2d 271, 277 (Miss. 1992). Furthermore, the State does not have to produce every person who handled the evidence, nor does the State have to account for every minute of every day. *Butler v. State*, 592 So. 2d 983, 985 (Miss. 1991).

In the present case, the testimony indicated that Hilliard, after purchasing the cocaine, kept the cocaine in his presence until he met with Mississippi Bureau of Narcotics Agent Elisha Adcox. Hilliard then relinquished custody of the cocaine to Adcox who placed the cocaine into the first evidence bag and then both Hilliard and Adcox initialed the bag. Both Adcox and Hilliard identified the cocaine and first evidence bag at trial and testified that their initials were on the bag. Adcox testified that she then placed the first evidence bag into a larger kapak bag and immediately went back to her office where she heat sealed the kapak bag and placed it into the evidence vault. Shortly thereafter, Adcox stated that she placed the kapak bag into a brown envelope and mailed it to the Mississippi Crime Lab for testing.

Charles Terry, an employee of the Mississippi Crime Lab, was called by the State and qualified as an expert forensic chemist in the specialty of drug identification and analysis. Terry testified that, according to standard operating procedure, evidence is originally received at the Mississippi Crime Lab by evidence technicians who in turn open the outside mailing envelope to confirm that the contents match the description on the evidence submission form. Terry confirmed that the standard operating procedures were followed in this case. Terry testified that he subsequently received the kapak evidence bag which contained a smaller bag which contained the cocaine. Terry testified that he tested the substance and confirmed that it contained 1.4 grams of cocaine.

There was no showing by Bourne that the evidence was not what it was purported to be, nor was there any indication that the evidence had been tampered with or altered. We do not find the trial court to be in error. The decision of whether the State has properly shown the chain of custody of evidence is left to the discretion of the trial court, *Wells*, 604 So. 2d at 277, and this Court will not reverse the trial court's ruling "absent abuse resulting in prejudice to the defendant." *Gibson v. State*, 503 So. 2d 230, 233 (Miss. 1987). This Court holds that the State properly presented the chain of custody of the evidence and we find this issue to be without merit.

### IV. WHETHER THE JURY WAS PROPERLY INSTRUCTED ON THE ISSUES OF THE INDICTMENT, ENTRAPMENT, SALE OR TRANSFER OF COCAINE.

Bourne argues that the jury was arbitrarily and abstractly instructed on the definition of "sale" when there was no evidence that Bourne actually sold cocaine to anyone. Bourne contends that he was a mere "go-between" between Hilliard and the actual seller of the cocaine. Bourne argues further that there was no instruction regarding the transfer of cocaine even though the indictment indicated that Bourne was being charged with the *transfer* of cocaine.

Bourne correctly points out that he was indicted for the transfer of cocaine but he erroneously contends that the jury was not instructed on the transfer of cocaine. Instruction S-3 instructed the jury as follows:

> The Court instructs the jury that the defendant, Clarence O. Bourne, has been charged in the indictment with the crime of the unlawful sale of cocaine.
>
> If you believe from all the evidence in this case beyond a reasonable doubt that:
>
>> Clarence O. Bourne, on June 9, 1994, in Jefferson Davis County, Mississippi, did wilfully, unlawfully, feloniously, knowingly, and intentionally *transfer approximately 1.4 grams of cocaine to Darrell Hilliard for lawful U.S. money,* then you shall find the defendant guilty as charged, and the form of your verdict may be: "We, the jury, find the defendant guilty as charged." (emphasis added).

Bourne's argument that the jury was "arbitrarily and abstractly" instructed on the definition of "sale" is also without merit. Bourne fails to realize that "transfer of cocaine for money" is an element contained within the definition of "sale." Instruction S-4 instructed the jury as follows:

> The Court instructs the jury that the words "sale", "sell" or "selling" as used in these instructions mean the actual, constructive or attempted *transfer or delivery of cocaine for money*. (emphasis added).

The State correctly points out that the above instruction was taken directly from the Mississippi Code which defines "sale," "sell" or "selling" of a controlled substance as "the actual, or attempted transfer or delivery of a controlled substance for remuneration, whether in money or other consideration." Miss. Code Ann. § 41-29-105(aa) (Rev. 1993). We must agree with the State in that when the trial court instructed the jury to determine whether Bourne "transferred cocaine for money," it was setting out the elements for "sale" of cocaine. We therefore find nothing arbitrary or abstract about the giving of the "sale" instruction.

Bourne also insists that he was not the seller of the cocaine but a mere "go-between." The State points out that Bourne fails to mention in his argument why this distinction is meaningful. The State argues and we agree that the distinction is not meaningful. The Mississippi Supreme Court held in *Boone v. State*, 291 So. 2d 182, 184 (Miss. 1974), that the crime of "sale of controlled substance" does not contemplate that the seller must realize a profit in order to be guilty of the crime. *See Messer v. State*, 483 So. 2d 338, 340 (Miss. 1986); *Williams and Williams v. State*, 463 So. 2d 1064, 1066 (Miss. 1985). In a sale case, it is not necessary for the State to prove that the defendant exercised dominion or control or that the defendant profited from the transaction. *Turner v. State*, 573 So. 2d 1340, 1342 (Miss. 1990). The statute simply says that the crime occurs whenever a controlled substance is transferred or delivered in exchange for remuneration, whether money or other consideration. *Boone*, 291 So. 2d at 184. Likewise, a sale exists even if such person is acting as an agent for the seller. *Id.* at 185.

Bourne also reasserts the variance between the indictment and the order of conviction, and declares that a possession instruction should have been given to the jury. We addressed this issue previously in this opinion and see no need to revisit it again. As we stated earlier, any variance that existed between the indictment and the order of conviction was properly resolved by the trial court.

Bourne makes one final attack on the issue of entrapment. Bourne contends that the he is entitled to

have the defense of entrapment submitted to the jury on proper instruction. We agree and find that Instruction D-6 sufficiently instructed the jury on the issue of entrapment. Bourne's entrapment argument has already been addressed in the second issue in this opinion and we find no further analysis necessary.

The standard for reviewing jury instructions is well established. Mississippi law allows the trial judge to instruct the jury upon principles of law applicable to the case either at the request of a party, Miss. Code Ann. § 99-17-35 (1972), or on the court's own motion, *Newell v. State*, 308 So. 2d 71, 78 (Miss. 1975). *See also* Unif. Crim. R. Cir. Ct. Prac. 5.03. The Mississippi Supreme Court has held that the failure of a court to give a requested instruction is not grounds for reversal if the jury was "fairly, fully and accurately instructed on the law governing the case." *Smith v. State*, 572 So. 2d 847, 849 (Miss. 1990); *see also Murphy v. State*, 566 So. 2d 1201, 1206 (Miss. 1990) (holding that the trial court may refuse an instruction which incorrectly states the law, is without foundation in the evidence, or is stated elsewhere in the instructions); *Calhoun v. State*, 526 So. 2d 531, 533 (Miss. 1988) (holding that a trial court is not required to instruct a jury over and over on the same point of law even though some variations are used in different instructions). The standard for reviewing jury instructions is to read all instructions together, not in isolation. *Townsend v. State*, 681 So. 2d 497, 509 (Miss. 1996). For the reasons stated above, we find Bourne's arguments regarding the instruction of the jury on the applicable law to be without merit.

## V. WHETHER THE TRIAL COURT ERRED IN DENYING BOURNE'S MOTION FOR JNOV/NEW TRIAL.

Bourne argues: "[I]nasmuch as the court received and ruled on Bourne's Motion for JNOV or New Trial on the same day, April 14, 1995, it is apparent that the trial judge gave little or no consideration or review of the evidence, indictment and propose [sic] errors before it." Bourne cites no authority in support of the above proposition that judges may not receive and rule on motions for JNOV or new trial on the same day nor are we aware of any such authority. We previously addressed Bourne's challenge to the sufficiency of the evidence in the second issue of this opinion and will not address it again here. As with the motion for directed verdict, we find that the trial court did not err in denying Bourne's motion for JNOV.

Bourne's motion for a new trial is, in effect, a challenge to the weight of the evidence. He complains that the jury verdict was against the overwhelming weight of the evidence, and he requests a new trial. The standard for reviewing a denied motion for a new trial is firmly established in our case law. The Mississippi Supreme Court has held that "[t]he jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." *McClain v. State,* 625 So. 2d 774, 781 (Miss. 1993); *see also Burrell v. State*, 613 So. 2d 1186, 1192 (Miss. 1993) (witness credibility and weight of conflicting testimony are left to the jury); *Kelly v. State*, 553 So. 2d 517, 522 (Miss. 1989) (witness credibility issues are to be left solely to the province of the jury). Furthermore, "the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion." *McClain*, 625, So. 2d at 781 (citing *Wetz v. State*, 503 So. 2d 803, 807-08 (Miss. 1987)). The decision to grant a new trial "rest[s] in the sound discretion of the trial court, and the motion [for a new trial based on the weight of the evidence] should not be granted except to prevent an unconscionable injustice." *Id.* This Court will reverse only for abuse of discretion, and on review will accept as true all evidence favorable to the

State. *Id.*

In the present case, the jury heard the witnesses and the evidence as presented by both the State and the defense. The testimony was clearly for the jury to evaluate. The jury's decision to believe the State's evidence and witnesses was well within its discretion. Moreover, the jury was well within its power to weigh the evidence and the credibility of the witnesses' testimony and to convict Bourne. The trial court did not abuse its discretion by refusing to grant Bourne a new trial based on the weight of the evidence. The jury verdict was not so contrary to the overwhelming weight of the evidence that to allow it to stand would be to promote an unconscionable injustice. The trial court properly denied Bourne's motion for a new trial.

## VI. WHETHER BOURNE'S SENTENCE WAS EXCESSIVE.

Bourne contends that his sentence of twenty-five (25) years was excessive. Bourne bases his argument on the fact that the order of conviction indicated that he had been convicted for possession of cocaine instead of the sale of cocaine. Bourne argues that the maximum penalty for possession of cocaine is three (3) years not twenty-five (25) or thirty (30) years as indicated by the trial court. We have already found that Bourne was convicted for the sale of cocaine and that any variance in the order of conviction indicating otherwise has been properly addressed and resolved by the trial court. Thus, the appropriate statute to which the trial court must look for sentencing in this case is Mississippi Code Section 41-29-139(b)(1) which states that anyone convicted for the sale or transfer of a Schedule II controlled substance may be imprisoned for a maximum term of thirty (30) years.

In the present case, Bourne was sentenced to serve a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections. We find this sentence to comport with the guidelines set forth in § 41-29-139(b)(1) of the Mississippi Code. The Mississippi Supreme Court has long held that "a trial court will not be held in error or held to have abused its discretion if the sentence imposed is within the limits fixed by statute." *Edwards v. State*, 615 So. 2d 590, 597 (Miss. 1993) (citing *Johnson v. State*, 461 So. 2d 1288, 1292 (Miss. 1984)); *see also Barnwell v. State*, 567 So. 2d 215, 221 (Miss. 1990) (save for instances where the sentence is "manifestly disproportionate" to the crime committed, extended proportionality analysis is not required by the Eighth Amendment); *Corley v. State*, 536 So. 2d 1314, 1319 (Miss. 1988); *Reed v. State*, 536 So. 2d 1336, 1339 (Miss. 1988).

Bourne also argues that the judge did not utilize the presentence report as contemplated by Rule 11.02 of the Mississippi Uniform Circuit Rules. A review of Rule 11.02 indicates that the use of a presentence report is discretionary as the rule states that "the court *may* direct that a presentence investigation and report be made." URCCC 11.02 (emphasis added). The Mississippi Supreme Court has also held that "the use of presentence investigations and reports is discretionary with the trial judge and is not mandatory. *Edwards v. State*, 615 So. 2d 590, 598 (Miss. 1993) (citing *Roberson v. State*, 595 So. 2d 1310, 1315 (Miss. 1992)).

Bourne argues further that the judge's newspaper comments indicated punitive enhancement of Bourne's sentence so that Bourne could be made an example to others. We find nothing in Bourne's brief to support this proposition. The sentence imposed by the trial judge did not exceed the maximum sentence as provided by the Mississippi Code and we therefore find that Bourne's sentence was not excessive.

VII. WHETHER BOURNE WAS A VICTIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

The standard of review for an ineffective assistance of counsel argument is the two-prong test: (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Mississippi Supreme Court adopted the *Strickland* standard for an ineffective assistance of counsel argument in *Stringer v. State*, 454 So. 2d 468, 476-77 (Miss. 1984). *See McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990). "The burden is on the defendant to demonstrate both prongs." *McQuarter*, 574 So. 2d at 687 (citing *Leatherwood v. State*, 473 So. 2d 964, 968-69 (Miss. 1985)). This standard is based upon the totality of the circumstances surrounding each case. *Id.* (citing *Waldrop v. State*, 506 So. 2d 273, 275 (Miss. 1987)).

Mississippi "recognizes a strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance. *Id.* (citing *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985)). The court recognized "[t]o overcome this presumption, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Schmitt v. State*, 560 So. 2d 148, 154 (Miss. 1990) (quoting *Strickland*, 466 U.S. at 694). There is also a presumption that counsel's decisions are strategic. *See Handley v. State*, 574 So. 2d 671, 684 (Miss. 1990); *Leatherwood v. State*, 473 So. 2d 964, 968-69 (Miss. 1985)).

In the present case, Bourne argues that his attorney raised none of the objections contained in this appeal with the exception of the entrapment defense. Specifically, Bourne argues that his attorney failed to object to the variance between the indictment and the order of conviction, and he failed to object to the instructions which were given during the trial. The first issue of our opinion addresses the scrivener's error in the order of conviction in which we found that the clerical mistake had been properly resolved by the trial court. We find that no prejudice resulted from this mistake as the indictment and all of the proof at trial were consistent with a charge and conviction for the sale of cocaine. We therefore find that Bourne's attorney was not deficient in his failure to object.

In the fourth issue of this opinion, we addressed Bourne's concerns regarding the instructions given by the trial court. For reasons set fourth in that discussion, we found that the jury instructions were not erroneous. We therefore find that Bourne's counsel was not deficient in failing to object.

Finally, Bourne declares that he talked with a juror during the lunch break on the day of trial. Bourne asserts that his trial counsel was deficient in failing to inform the court of Bourne's alleged misconduct. Bourne's appellate counsel contends that she discussed this matter with Bourne's trial counsel and that he denied that Bourne ever informed him of the misconduct. Bourne's appellate counsel also contends that the juror involved admitted to her that he did in fact speak to Bourne during the trial but that the juror refused to sign an affidavit indicating as much.

As we stated above, the defendant has the burden of proof in a claim for ineffective assistance of counsel. Bourne provides us with no evidence that a conversation took place with a juror nor does he provide us with evidence, if such misconduct did occur, that he informed his attorney of his actions. We cannot declare an attorney deficient in a matter of which he had no knowledge.

In the present case, Bourne has not met his burden of satisfying the two prongs of *Strickland*. Bourne has failed to show this Court that his trial counsel was deficient nor has he demonstrated how his trial counsel's actions, or inactions, prejudiced him. We have reviewed the record and looking at the totality of the circumstances, we cannot say that the assistance provided by Bourne's counsel rises to the level required under *Strickland*. Thus, we are compelled to affirm.

**THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY OF CONVICTION OF TRANSFER OF A CONTROLLED SUBSTANCE (COCAINE) AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, AND SOUTHWICK, JJ., CONCUR.**