878 So.2d 1106 (2004)
Derrick Terrell EDWARDS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00166-COA.
Court of Appeals of Mississippi.
July 27, 2004.
*1107 William F. Vick, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Derrick Terrell Edwards was convicted of sale of cocaine and possession of cocaine. He was sentenced to serve a term of thirty years, with twelve years suspended, and ordered to pay a fine of $30,000. On appeal, Edwards asserts that the trial court erred in sentencing him to thirty years and in denying his post-trial motions. We affirm Edwards' conviction for sale of cocaine, reverse and render Edwards' conviction for possession of cocaine, and reverse and remand his sentence for a corrected sentencing order.

FACTS
¶ 2. On July 25, 2002, Derrick Terrell Edwards visited his aunt and her new husband, Eric Johnson a/k/a Dale Johnson, at their trailer. During Edwards' presence, Eric Johnson sold a small amount of cocaine to Larry Johnson, a neighbor. Louis Pearly, a confidential informant, also visited the trailer while Edwards was present. An exchange of drugs and money occurred among Eric Johnson, Edwards, and Pearly. Both Edwards and Eric Johnson were arrested approximately thirty minutes later.
¶ 3. There was conflicting testimony presented at trial regarding Edwards' degree of participation in the sale. Nonetheless, Edwards testified that he took forty dollars from Pearly in the front yard, walked with the money a short distance to the front door of the trailer where Eric Johnson was, gave the money to Eric Johnson for two rocks of cocaine, and then took the two rocks of cocaine to Pearly.
¶ 4. The jury found Edwards guilty of the crimes of sale of cocaine and possession of cocaine, but not guilty of conspiracy to sell cocaine. Edwards' motion for a new trial was denied. He appeals his conviction and sentence.

ANALYSIS

I. Weight of Evidence
¶ 5. Edwards asserts that the trial court erred in overruling his motion for a new trial. He argues that the verdict was contrary to the law and against the overwhelming weight of the evidence.
¶ 6. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced *1108 that the circuit court has abused its discretion in failing to grant a new trial. Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998). For this Court to disturb the verdict on appeal, it must be so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Id.
¶ 7. Edwards argues that Eric Johnson testified that Edwards did not sell drugs for him, was not there to sell drugs, and has never sold drugs before. Edwards points out that no drugs were found on him and that the drug money was not found on him. Edwards also notes that he did not run when the police arrived. However, these facts do not support a finding that the verdict was against the overwhelming weight of the evidence.
¶ 8. Testimony at trial indicated that on July 25, 2002, Edwards went to the home of Eric Johnson, a man whom Edwards knew was a drug dealer. While there, Edwards witnessed Eric Johnson sell drugs to Larry Johnson. Also the evidence revealed that Edwards took money from Pearly and handed it to Eric Johnson in exchange for drugs. Edwards then handed the drugs to Pearly.
¶ 9. As the following colloquy reveals, Edwards' testimony supports the jury's verdict.
Q. What happened next after you saw Larry Johnson approach your car?
A. I sit there and looked at him, talk while I was talking on the phone. Larry Johnson then come into the trailer purchasing dope from Dale [Eric] Johnson for himself. Then I hear him tell Dale that the guy outside wanted some dope. So I don't know what was going on. I couldn't hear who I was talking to on the phone, so I stepped outside.
* * * *
Q. What happens next?
A. So I look at the guy, and I said, "Looks like you've been working hard." He replied, "Yes, I have." So then he asked for me to go in the house with his money because he don't trust Larry Johnson with his money. So by that time, Larry Johnson is in the house trying to get the dope from Dale. So the guy give me the money, I walk to the door. Dale give me what I suppose to give him, and I gave it to him.
Q. And you said you took about four steps to do that?
A. Four steps.
Q. So you're sitting here telling us that you did touch drugs that day?
A. Yes, sir.
Q. And you had drugs in your possession that day?
A. Yes, sir.
Q. How long did you have them in your possession?
A. No more than a minute.
Q. Not minute. Long enough to walk four steps?
A. Yes.
Q. And you had $40 in your hand for a second?
A. Yes. The guy gave me the money, I gave the money to Dale Johnson, the guy gave  Dale gave me the dope, and I gave it to him.
¶ 10. Although the details of Eric Johnson's testimony conflict with Edwards' testimony, Eric Johnson's testimony also supports the jury's verdict. Johnson testified that Edwards came into the trailer, said "he didn't have enough," and asked him if he had any dope to sell.
¶ 11. Edwards' suggestion that the evidence presented merely shows he was a courier to the transaction is without merit. *1109 The fact that the defendant did not realize a profit on the transaction does not mean that he did not commit the crime of sale of cocaine. Boone v. State, 291 So.2d 182, 184 (Miss.1974). Mississippi Code Annotated Section 41-29-139(c)(2) "does not contemplate that the seller must realize a profit in order to be guilty of the sale of a controlled substance." Boone, 291 So.2d at 184. The court also ruled that "the definition of `sale' in the statute where `delivery' is made shows a legislative intent that the act of a person making such sale and delivery constitutes a sale even if such person is acting as an agent for either the purchaser or seller." Id. at 185. Indeed, involvement as a courier is sufficient conduct to support the conviction.
¶ 12. We find that the evidence presented supported the jury's verdict of sale of cocaine. Accepting as true the evidence which supports the verdict, we find the circuit court did not abuse its discretion in denying a new trial. We conclude that allowing the verdict to stand does not constitute an unconscionable injustice. Therefore, this Court will not disturb the jury's verdict on appeal.

II. Sentence
¶ 13. Edwards was indicted for the unlawful sale of cocaine and conspiracy to commit the crime of unlawful sale of cocaine. The judge instructed the jury on the crimes of unlawful sale of cocaine, the lesser-included crime of unlawful possession of cocaine, and conspiracy to commit the crime of unlawful sale of cocaine. The jury returned guilty verdicts for both the unlawful sale and possession charges, and returned a not guilty verdict for the conspiracy to sale charge.
¶ 14. Edwards contends that his sentence of thirty years, with twelve years suspended, exceeded the maximum sentence allowed by statute. Edwards relies on the premise that he was convicted of possession of cocaine and was sentenced under Mississippi Code Annotated Section 41-29-139(c)(1)(B) (Rev.2001). While it is true the jury returned a guilty verdict on the possession charge, the jury also found Edwards guilty of the unlawful sale of cocaine, despite the jury instructions regarding possession being a lesser-included charge. In polling the jury the judge asked, "[w]ith respect to Count 1, sale of cocaine, is your verdict  and I'm asking you for your individual verdict. Did you, in fact, find the defendant guilty of unlawful sale of cocaine?" Each juror responded affirmatively.
¶ 15. Possession of a controlled substance, being a lesser-included crime of sale of a controlled substance, merges into the sale charge. See Laughter v. State, 241 So.2d 641, 644 (Miss.1970) (holding that there can only be one conviction for either the sale or possession of marijuana). Therefore, one cannot be convicted of both charges. Id. Here, the jury returned guilty verdicts on both the sale of cocaine charge and the possession charge. Accordingly, we reverse and render on Edwards' conviction for possession of cocaine.
¶ 16. Due to this confusion, we cannot say with certainty that the judge sentenced Edwards solely on the sale of cocaine charge. Edwards was found guilty of the unlawful sale of cocaine and sentenced to thirty years with twelve years suspended. Mississippi Code Annotated Section 41-29-139(b)(1) provides imprisonment of up to thirty years and up to a one million dollar fine for the sale of cocaine. Edwards' sentence of thirty years with twelve years suspended and fine of thirty thousand dollars was within the statutory guidelines. However, based on the record it is unclear whether the judge sentenced Edwards solely on the sale of cocaine conviction or if the judge also considered the *1110 possession of cocaine conviction. Although the judge awarded a single sentence of thirty years, the jury returned verdicts for both possession and sale. The sentencing order also listed both possession and sale. Since a defendant cannot be found guilty of both possession and sale, the sentencing order should have just reflected the jury's verdict on the sale charge. If the judge considered the possession conviction in determining Edwards' sentence, this was also improper.
¶ 17. In order to ensure that Edwards was sentenced only on the sale conviction, we reverse Edwards' sentence and remand for a corrected sentencing order consistent with this opinion.
¶ 18. It is worth noting that Edwards asserts two other challenges to his sentence. We find both of these challenges to be without merit.
¶ 19. First, Edwards argues that his sentence was disproportionate to the sentence Eric Johnson received. Edwards bases this argument on Eric Johnson's testimony that he thought he received twelve years on his possession with intent to distribute charge and four years on his possession of cocaine charge.
¶ 20. Although Johnson's sentencing order was not made a part of the record, the indictment and testimony reveals that Johnson pled guilty to the crimes charged against him. In King v. State, 857 So.2d 702, 732 (¶ 108) (Miss.2003), our supreme court ruled that pleading guilty is reason to support receiving a lesser sentence.
¶ 21. We, as an appellate court, must afford sentencing courts with "substantial deference" in determining sentences. Franklin v. State, 773 So.2d 970, 972(¶ 6) (Miss.Ct.App.2000). Given the amount of deference due to the trial court's determination of sentences and the fact that Eric Johnson pled guilty, we find that Edward's sentence was not disproportionate to the sentence Eric Johnson received. This assignment of error is without merit.
¶ 22. Second, Edwards claims that the fine imposed on him was unjustified and that it "places an undue hardship and compounds an already difficult situation." Although the fine very well may be burdensome on Edwards, he fails to cite any legal authority that suggests this is grounds to reverse his sentence.
¶ 23. As discussed above, Edwards' fine of thirty thousand dollars is well within the possible one million dollar fine allowed under Mississippi Code Annotated Section 41-29-139(b)(1) for the sale of cocaine. Our courts have consistently held that "[s]entencing is within the complete discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute." Nichols v. State, 826 So.2d 1288, 1290 (¶ 10) (Miss.2002). Therefore, we find this claim to be without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF UNLAWFUL SALE OF COCAINE IS AFFIRMED, AND THE CONVICTION OF UNLAWFUL POSSESSION OF COCAINE IS REVERSED AND RENDERED. THE THIRTY YEAR SENTENCE IS REVERSED AND REMANDED FOR A CORRECTED SENTENCING ORDER CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.